## GARDNER v. INDEPENDENT OIL CO.

### No. 1452.

Court of Civil Appeals of Texas. Waco.
Dec. 21, 1933.

J. K. Russell, of Cleburne, for appellant.

E. A. Rice, of Cleburne, for appellee.

ALEXANDER, Justice.

F. E. Gardner brought this suit against the Independent Oil Company to recover the sum of $1,440 claimed to be due him as salary for services rendered to the defendant company at the rate of $160 per month from April 1 to December 31, 1930. The defendant's answer contained a general demurrer, an excep-

tion raising the two-year statute of limitation (Rev. St. 1925, art. 5526), various other special exceptions, a general denial, and certain special defenses. The court sustained the general demurrer and, upon plaintiff's failure to amend, dismissed the suit. The plaintiff appealed.

Plaintiff's first amended original petition was filed March 7, 1932, in which plaintiff alleged that the defendant was a private corporation; that he and one A. L. Lockman owned practically all of the stock of the defendant corporation; that on or about the 15th day of April, 1930, they were the joint managers of said corporation and that each of them was drawing a salary of $200 per month; that on or about said date he entered into a new agreement with the said A. L. Lockman, by which the plaintiff was to receive a salary of $360 per month; that he was paid only the sum of $200 a month for the remainder of that year; and that by reason thereof the defendant company was indebted to him in the sum of $1,440 as the balance of said unpaid salary. By a second amended original petition filed May 15, 1932, the plaintiff alleged that prior to April 15, 1930, he was receiving a salary of $200 per month as co-manager of the defendant company and that on or about said date he entered into a new agreement with the said A. L. Lockman, who was then acting as one of the co-managers and operators of defendant company and for and on behalf of said company, by which the defendant company was to pay plaintiff a salary of $360 per month; that the company paid him the sum of $200 on his salary for the remainder of said year 1930, but failed to pay him the balance of said salary as per said agreement and that by reason thereof the defendant was indebted to him in the sum of $1,440.

The defendant has filed no brief, and as a consequence we have had some difficulty in discovering upon what theory the trial court sustained the general demurrer. Apparently it was upon the theory that the cause of action was barred by the two-year statute of limitation. The ruling of the trial court cannot be sustained upon this theory. The first amended original petition was filed within less than two years from the maturity of the first monthly installment claimed to be due under the contract in question. It therefore becomes immaterial as to whether or not the original petition stated a cause of action. While the first amended original petition alleges that the contract there sued on was one between the plaintiff and A. L. Lockman and does not allege that the said Lockman was acting for the defendant company in making said agreement, it does allege that Lockman at that time was one of the managers of the defendant company. The petition set out said agreement as the basis of plaintiff's suit against the defendant company and prayed for judgment against said defendant for the balance of said unpaid salary of $1,440. Although this petition may have been defective and even subject to a general demurrer, yet we think it was sufficient to advise the defendant as to the nature of plaintiff's demand upon which he now sues and therefore sufficient to toll the statute of limitation. Southern Surety Company of New York v. First State Bank of Marquez (Tex. Civ. App.) 54 S.W.(2d) 888, par. 9 (writ refused). But if we be mistaken in our holding that the first amended original petition was sufficient to stop the running of limitation against the cause of action here sued on, nevertheless the court erred in sustaining the general demurrer to the second amended original petition upon which the cause of action went to trial. That petition clearly stated a cause of action not barred by the two-year statute of limitation. It was filed on May 13, 1932, which was within two years from the maturity of at least eight months of the salary here sued for.

The judgment of the trial court is reversed, and the cause remanded for a new trial.