## J. T. Prichard v. McCord-Collins Company

Decided December 6, 1902.

**Limitations—Mistake—Name of Corporation—Diligence—Issue for Jury.**

Where suit is brought against a corporation by the name on the building it occupies, which is generally believed and understood to be its true name, and an answer is filed without its true name being disclosed until after the statutory period of limitations, the mistake is such as will prevent the action from being barred, and such facts should have been submitted to the jury for determination as to whether they constituted sufficient excuse for plaintiff's failure to use diligence to discover the true name.

Appeal from Tarrant County. Tried below before Hon. Irby Dunklin.

*McLean, Booth & Morton,* for appellant.

*John W. Wray* and *Morgan Bryan,* for appellee.

STEPHENS, Associate Justice.—Suit was instituted by appellee May 9, 1899, to recover damages for personal injuries sustained February 18, 1899, due to alleged negligence in the construction and operation of an elevator in a wholesale grocery house in the city of Fort Worth. Appellee, a private corporation, was doing business in this house, and while its true name was McCord-Collins Company, Mc-Cord-Collins Commerce Company was written in large letters on the building, and was generally believed and understood to be its true name. So believing, appellant in his original petition declared, or at

least intended to declare, against the concern doing business in said house, under that name, and consequently caused citation to issue summoning the McCord-Collins Commerce Company to appear and answer his petition, which citation was served on J. B. Collins, who was in fact the president of appellee, the McCord-Collins Company. In due time an answer was filed in the name of attorneys for the defendant in that action, without mentioning the name of the defendant for whom they appeared. After more than two years from the date of the injury these attorneys disclosed the true name of the defendant. The plaintiff then amended his pleadings so as to declare explicitly against the McCord-Collins Company, alleging the above facts, his mistake as to the name, and the conduct of appellee in concealing its true name as his excuse for the manner in which the suit had been brought and maintained for two years. To the petition so amended the court sustained a demurrer pleading the statute of limitations of two years, upon which ruling the errors are assigned.

It seems to have been at last settled by our Supreme Court in Oldham v. Medearis, 90 Texas, 506, 39 Southwestern Reporter, 919, that an exception on the ground of mistake as well as on the ground of fraud may be read into our statute of limitation; that is, where through mistake not discoverable by the use of reasonable diligence the cause of action is not discovered in time. While this opinion, when confined to the very question certified, may not extend the exception on the ground of mistake to other than equity cases, still it distinctly places mistake on the same footing with fraud, which had been held in an action at law for personal injuries like this to introduce an exception in favor of one misled in bringing his suit by a fraudulent receivership. Texas & Pacific Railway v. Gay, 86 Texas, 571, 26 S. W. Rep., 599 (opinion by Chief Justice Stayton). The question being one of construction, it would seem a little anomalous to ascribe to the Legislature in the readoption of our statutes of limitation a purpose to allow exceptions in equity cases and not in actions at law in view of the attempt in article 1191, Revised Statutes, and elsewhere, to abolish "the distinction between suits at law and in equity."

As already seen, due diligence must be used to discover the mistake, but the conduct of appellee in holding itself out to the business world as the McCord-Collins Commerce Company so as to deceive and mislead appellant and in intentionally pleading in such manner in answer to the suit as to keep him deceived till it might plead the statute of limitation against him was alleged as an excuse for diligence. These allegations were not such as to warrant the court in treating the excuse as insufficient. They made issues of fact for the jury, and the court erred in sustaining the demurrer.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*