## NATIONAL SURETY CO. v. UNITED BRICK & TILE CO.

### No. 4203.

Court of Civil Appeals of Texas. Amarillo.

April 9, 1934.

Rehearing Denied May 28, 1934.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for plaintiff in error.

Baker, Botts, Andrews & Wharton, of Kansas City, Mo., and Kimbrough & Boyce, of Amarillo, for defendant in error.

HALL, Chief Justice.

Defendant in error, United Brick & Tile Company, alleged to be a corporation, filed this suit against James Stanton Construction Company, alleged to be a corporation duly organized and existing under and by virtue of the laws of the state of Kansas, with its principal office and place of business in the city of Leavenworth, Leavenworth county, Kan. The National Surety Company, also alleged to be a corporation, is made a party defendant.

As a basis for recovery, the brick and tile company alleged that on the 23d day of January, 1931, the James Stanton Construction Company contracted with the city of Stratford for the paving of certain streets in said city and on the 2d day of February thereafter, as a part of the same transaction, the James Stanton Construction Company, as principal, and the National Surety Company, as surety, executed and delivered a bond in accordance with R. S. art. 5160, in the sum of $33,677.70; that, after the execution of the bond, the James Stanton Construction Company bought from the United Brick & Tile Company paving bricks to be used in the performance of its contract, and claiming an indebtedness against the James Stanton Construction Company of $4,475.

The brick and tile company alleged that it had filed itemized verified statements with the county clerk of Sherman county, as required by law, giving the dates thereof, and also attached to its original petition a copy of said bond, which recites that James Stanton Construction Company of Leavenworth, Kan., has entered into a contract with the city of Stratford, Tex., for the making and construction of certain improvements. The prayer is for judgment against James Stanton Construction Company and the National Surety Company for the amount of its debt.

On April 26, 1933, the brick and tile com-

pany filed its first amended original petition "complaining of James Stanton, doing business under the trade name of James Stanton Construction Company," and National Surety Company, a corporation. It further alleges that James. Stanton is a nonresident of the state of Texas, residing in the city of Leavenworth, Leavenworth county, Kan., and that the defendant James Stanton, doing business under the name of James Stanton Construction Company, entered into a contract with the city of Stratford under the terms of which he agreed to pave certain. streets in the city of Stratford. In the amended petition it is further alleged that the said defendant James Stanton, as principal, and National Surety Company, as surety, executed and delivered their certain construction bond in accordance with article 5160 of the Revised Statutes of Texas and the amendments thereof (Vernon's Ann. Civ. St. art. 5160) in the sum of $33,677.-70. A copy of said bond was also attached and made a part of the amended petition.

It appears that no process of any character has ever been issued or served upon either James Stanton personally or the James Stanton Construction Company, and that neither of said defendants ever answered nor entered any appearance in this action. Both reside in Kansas.

The judgment recites that "the defendant James Stanton, doing business under the trade name of James Stanton Construction Company, came not herein and thereupon plaintiff in open court dismissed as to the defendant James Stanton, said defendant not having been served with personal citation within this state and the said James Stanton being a non-resident of the State of Texas."

■■■ The filing of the amended petition in which the James Stanton Construction Company was omitted as a defendant, was, in legal effect, a discontinuance of plaintiff's action against the construction company and because James Stanton, who plaintiff alleged was doing business under the trade-name of the Stanton Construction Company, had never been served with citation, he was in no sense a party to the suit. Although a person who is sued is named in the pleading as a party, he is not in fact a party to the action unless he has been duly served with process or has answered or otherwise entered a general appearance and submitted himself to the jurisdiction of the court. 47 C. J. 15, § 3; 20 R. C. S. 662, § 2; Dickerson v. Flanagan, 103 W. Va. 233, 136 S. E. 854; Orthwein v. Thomas, 127 Ill. 554, 21 N. E. 430, 4 L. R. A. 434, 11 Am. St. Rep. 159; Mitchell et al. v. Banking Corporation, 81 Mont. 459, 264 P. 127.

■■■ The first proposition urged by the surety company is that, because the original petition declared on a bond executed by James Stanton Construction Company, a corporation, as principal, and the National Surety Company, as surety, while the amended original petition declared on a bond executed by James Stanton, an individual, as principal, and the National Surety Company, as surety, the cause of action declared on in the first amended original petition is a new, distinct, and different transaction and occurrence from the one stated in the original petition. It is further insisted by the second proposition that, because the cause of action as asserted by the first amended petition is a new cause of action, plaintiff's right to recover was barred under the provisions of R. S. art. 5162, since the record shows that there was a final settlement on July 14, 1931, and the first amended original petition was filed on April 26, 1933.

Article 5162 provides that, when suit is instituted by any creditor on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later, etc.

But, aside from all this, in our opinion the amended petition did not set up a new or different cause of action. Both the original and amended pleadings declared upon the same bond and the same itemized account. The surety company was named as the defendant in both petitions and could not claim a surprise, and, since there was no objection to the introduction of the bond in evidence, the issue of variance is not in the case, nor is it urged in appellant's brief. No plea in abatement was filed upon the ground that there was a misnomer of the principal in the bond. Changing the name of the principal did not change the principal or add a new party by filing the amendment. In fact, the principal was the same by whatever name designated and at most there was a misdescription which could have been corrected by amendment if that defect had been pointed out by proper plea. Grand Lodge A. O. U. W. v. Bollman, 22 Tex. Civ. App. 106, 53 S. W. 829; Phœnix Lumber Company v. Houston Water Company, 94 Tex. 456, 61 S. W. 707; Prichard v. McCord-Collins Company, 30 Tex. Civ. App. 582, 71 S. W. 303; El Paso & S. W. R. Co. v. Harris & Liebman (Tex. Civ. App.)

110 S. W. 145; City of Dallas v. Morris, 120 Tex. 181, 36 S.W.(2d) 702; Fowler Commission Company v. Charles Land & Company (Tex. Com. App.) 248 S. W. 314; Mann Commission Company v. Ball (Tex. Civ. App.) 48 S.W.(2d) 780; Gardner v. Independent Oil Company (Tex. Civ. App.) 67 S.W.(2d) 428.

 These contentions do not present reversible error. As stated, neither James Stanton individually nor the James Stanton Construction Company had ever in fact become a party to the suit, and the allegations and proof show that the brick and tile company had the right to dismiss as to them because they were alleged to be nonresidents of the state. R. S. art. 2088. The right to dismiss is not and cannot be questioned, and, since the plaintiff brick and tile company had the right to proceed to judgment against the appellant as surety upon the bond, no injury is shown. The fact that the James Stanton Construction Company, a corporation, is named as defendant in the original petition, and the further fact that the corporation is omitted as a defendant in the amended petition and James Stanton as an individual is substituted, become wholly immaterial, for the reason that no process was ever served making either party a defendant to the action and plaintiff dismissed its cause of action against one by the amended petition and in open court as to the other. The suit could have properly been filed against the appellant surety company under R. S. art. 2088, without an effort to make the principal a party thereto in any capacity. So if it be admitted that the amended petition set up a new cause of action, no prejudice is shown, and an appellate court will not reverse a judgment where the result would have been the same had the error not been committed. Where a proceeding which is claimed to be erroneous is shown not to be prejudicial to the substantial rights of the complaining party, it is counted harmless, and will be disregarded by the reviewing court.

The appellee filed a supplemental petition alleging that it was not certain whether the James Stanton Construction Company was a corporation or an individual, and alleged on information and belief that the James Stanton Construction Company referred to in the contract and bond was an individual, to wit, James Stanton doing business under the trade-name of James Stanton Construction Company; that in any event there was but one contract and one bond of the nature referred to in plaintiff's petition entered into between James Stanton Construction Company and the city of Stratford, and that the contract and bond declared upon in the original petition were the same as those set out in the amended original petition; that the liability sought to be fixed against the National Surety Company is the same in both pleadings.

██ ██ The next contention is that, because defendant in error was required to file its itemized verified account with the county clerk of Sherman county within ninety days from the date the material was furnished and because the statement of account was filed September 28, 1931, more than ninety days after the delivery of all items set out in the statement except the last, the court erred in fixing liability in any sum exceeding $189.

This contention must be sustained. R. S. art. 5160, as amended by the Acts of the 41st Legislature, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160), requires that all claims for material furnished to the contractor shall be itemized and sworn to as required by statutes as to mechanic's lien claims, and such claims shall be filed with the county clerk of the county in which said work is being prosecuted within ninety days from the date of the delivery of said material. In statutory bonds of this character. it is uniformly held that the statutory provisions are read into and become a part of the contract. Metropolitan Casualty Ins. Co. v. Cheaney (Tex. Com. App.) 55 S.W.(2d) 554, affirming (Tex. Civ. App.) 32 S.W.(2d) 691; Miller v. State (Tex. Civ. App.) 53 S.W.(2d) 792.

The defendant in error insists that, because the contract between Stanton and the brick and tile company was an entirety and a continuing contract, the defendant in error was not required to file its sworn account in the office of the county clerk until all of the bricks contracted for had been delivered. To give it that construction would be tantamount to amending the statute, which, as we have just said, is a part of the contract. It is true that in Stuart v. Broome, 59 Tex. 466; Pool v. Wedemeyer & Shulte, 56 Tex. 287, there is language of the Supreme Court which tends to support the contention, but those cases and others cited by appellee to sustain this proposition were decided under the mechanic's lien statutes, and, because of the difference in the language of the two statutes, the cases are not applicable to the facts of the instant case.

In Union Indemnity Co. v. Rockwell (Tex. Civ. App.) 38 S.W.(2d) 821, 823, which arose under R. S. art. 5160, Judge Gallagher said: "Appellee contends that, in view of the provisions of article 5467 with reference to the time for filing accounts for the purpose of fix-

ing mechanic's liens for material furnished, such provision should be construed to make the filing of an account for material within thirty days after the delivery of the last item thereof effective to fix liability for the entire amount thereof. The mechanic's lien statute, as before stated, requires claims for material to be filed within thirty days from the date the same became payable. Said article 5467 provides, in substance, that, when material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay therefor at some specified time."

Article 5160 makes no reference whatever to when the indebtedness shall accrue, nor is there anything in the testimony showing when payment was due from Stanton to the brick and tile company. The witness Mosher, who contracted for the sale of the brick to Stanton, testified that it was not known exactly how many bricks would be needed by Stanton to complete the job. He said that the contract price was $21 per 1,000, but it is not shown when Stanton was expected to pay the whole or any part of the debt.

Judge Gallagher continued as follows: "The provision of article 5160 here under consideration makes no reference to the article of the mechanic's lien statute above referred to. The time for filing prescribed by it is based on delivery alone, while the time for filing prescribed by the mechanic's lien statute is based on the maturity or due date of the claim. Said article 5467 merely provides a technical date of maturity of a claim for material where no specific date has been agreed upon by the parties. We do not think that said article has any application to the filing of claims for material furnished to a contractor for the purpose of fixing liability on his bond."

Judge Gallagher declined to pass upon the question whether in such a case the time limited for filing a claim for material would begin to run from the date of each delivery or from the date of the final delivery only, as that question was not before the court. Upon writ of error to the Supreme Court in the same case, Judge Sharp said, in 57 S.W.(2d) 90, 91: "In some jurisdictions the rule is announced that where the work was done or the materials furnished under an entire contract to do or furnish the same for a gross sum, it is not necessary that claimant should itemize his account in his statement. 40 C. J. p. 242, § 293bb, and cases cited in notes. But the foregoing rule does not prevail in this state. Our courts hold that, at least where the claimant is a subcontractor, it is necessary that the claim or statement should contain an itemized account of the work done and materials furnished for the building. * * * In construing statutes involving analogous principles, our Supreme Court, after an exhaustive review of authorities, has reiterated the foregoing rule."

So it seems that the entirety of the contract is a fact of no importance and does not excuse the failure of the claimant to itemize his account. Then why should it excuse his failure to file his account within the time required by the statute?

In so far as the Court of Civil Appeals held that the failure to file such a claim as the statute required was fatal, it is affirmed by Judge Sharp.

We are in accord with the statement by Judge Gallagher that article 5467 relating to mechanics' liens has no application to the filing of claims for material furnished to a contractor for the purpose of fixing liability on his bond given to secure compliance with his contract for public improvements. Under article 5467 and the related articles, a lien may be fixed and foreclosed upon real estate, while under article 5160 and the related articles there is no provision for the fixing of a lien. We believe the requirement of article 5160 that verified itemized statement of materials furnished should be filed within ninety days after such materials have been delivered, even though such materials necessary to complete the work are to be delivered in installments, is mandatory and conclusive. Consideration for the rights of other materialmen and laborers who might become creditors and entitled to compensation requires strict compliance with that provision, and, since the statute is a part of the contract and a construction in accordance with appellee's contention would be an alteration of the contract, the surety should not be held liable except for material delivered within ninety days before the filing of the itemized account.

It was stipulated in open court that the paving work under the contract was completed and final settlement made by the city of Stratford on July 14, 1931; that the city had filed no suit on the bond, no other claims had been filed nor suits instituted on the bond other than by the appellee; that article 5164 had been complied with; that the materialman's account was filed in the office of the county clerk of Sherman county on September 28, 1931; that the last car of brick was delivered to the James Stanton Construction Company at destination on July 3, 1931, and

all other cars were delivered between June 22d and June 26th. It further appears that the last car contained 13,000 bricks, which at the contract price of $21 per thousand amounted to $273, but that 4,000 of said brick were not used in paving, which would leave a balance of $189, and that the appellee is entitled to recover from the surety company only that amount, with interest.

The judgment is therefore reformed so as to permit a recovery of said sum only, together with costs, and, as reformed, is affirmed.