**Darlene PRICE, Appellant,**

**v.**

**The ESTATE of Welton Terry ANDERSON, Deceased and Paul A. Echols, temporary Administrator for said Estate, Appellees.**

**No. 6368.**

Court of Civil Appeals of Texas, El Paso.

June 12, 1974.

Rehearing Denied July 17, 1974.

Malcolm McGregor, Inc., Janet R. Pauls El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, Frank Feuille, IV, El Paso, for appellees.

## OPINION

OSBORN, Justice.

This is an appeal from an order of dismissal in a personal injury suit arising out of a vehicle collision. The Appellant was a passenger in a pickup truck being driven by Welton Terry Anderson when that vehicle collided with another vehicle at an intersection in El Paso, Texas, on July 13, 1968. On September 11, 1968, Appellant filed suit against Welton Terry Anderson in District Court. Mr. Anderson died on December 3, 1968, and about a month later his attorneys filed a "Suggestion of Death" pursuant to Rule 152, Texas Rules of Civil Procedure. Thereafter, his attorneys on October 13, 1969, filed a "Motion To Dismiss For Failure To Join Necessary Parties Within A Reasonable Time." On June 8, 1970, nearly nine months after Paul A. Echols had been appointed Temporary Ad-

ministrator of the Estate of Welton Terry Anderson, the Appellant took a non-suit without ever having joined him as a party to the suit.

After changing attorneys a second suit was filed on July 10, 1970, styled: "Darlene Price v. The Estate of Welton Terry Anderson, Deceased." In that suit only the Estate was named as a party, but citation was issued to Paul A. Echols, Temporary Administrator of the Estate of Welton Terry Anderson, Deceased, and he was served on July 15, 1970. On July 31, 1970, The Estate of Welton Terry Anderson, Deceased, the named defendant, filed answer. On November 29, 1971, this same named defendant, The Estate of Welton Terry Anderson, Deceased, filed an amended answer. Neither of these pleadings raised any Plea in Abatement or Plea in Bar of the plaintiff's alleged cause of action. Subsequently, The Estate of Welton Terry Anderson, Deceased, also filed a motion in limine and a motion for continuance based upon the absence of Paul A. Echols. On January 30, 1973, the case proceeded to trial but a mistrial was declared during the testimony of the first witness.

On July 9, 1973, The Estate of Welton Terry Anderson, Deceased, filed a verified Motion to Dismiss pursuant to the provisions of Rule 93(b), 93(c) and 93(e), Tex. R.Civ.P., setting forth for the first time that there was a defect in the parties to the suit and that the Temporary Administrator was a necessary and indispensable party, and moved for a dismissal because the cause of action against said Administrator was now barred by limitations.

Approximately one month later, Appellant filed an amended petition complaining of the Estate of Welton Terry Anderson, Deceased, and Paul A. Echols, Temporary Administrator for said Estate. After service of citation, Paul A. Echols, Temporary Administrator of the Estate of Welton Terry Anderson, Deceased, filed his original answer and motion to dismiss, pleading

the provisions of the two-year statute of limitations, Article 5526(6), Vernon's Tex. Rev.Civ.Stat.Ann. The trial Court heard and granted both motions and entered a take nothing judgment. We affirm.

In Camellia Diced Cream Company v. Chance, 339 S.W.2d 558 (Tex.Civ.App. —Houston 1960, no writ), the Court said:

"An estate of a deceased person is not a legal entity and cannot sue or be sued as such."

Normally, such suits must be against the Administrators appointed and qualified or Executors who are qualified in probate proceedings in this State. Perkins v. Cain's Coffee Company, 466 S.W.2d 801 (Tex.Civ.App.—Corpus Christi 1971, no writ); McDonald, Texas Civil Practice, Vol. 1, Sec. 3.10, p. 260. This principle is not in dispute, and the attorneys for both parties acknowledged during oral argument that the Temporary Administrator was a necessary party to this suit.

Clearly, the Motion to Dismiss filed on July 9, 1973, was a Plea in Abatement since it required the joinder of another party before the case could proceed. Although the motion noted the limitation defense available to the Temporary Administrator, it could not invoke that defense for him since limitations is a personal privilege that must be pled by each party or it is waived. 37 Tex.Jur.2d, Limitations of Actions, Sec. 25, pp. 118–119. The answer and motion to dismiss filed by Paul A. Echols, Temporary Administrator, raised a Plea in Bar since it required the entry of a judgment that the Appellant take nothing if sustained. In Texas Highway Department v. Jarrell, 418 S.W.2d 486 (Tex. Sup.1967), Chief Justice Calvert said:

" * * * a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed, Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, at 640;

and a plea in bar, if sustained, would require a judgment that the claimant take nothing. Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, at 214."

The Appellant asserts error in the entry of the trial Court's judgment by two points of error. First, that Appellees had waived the failure to name the Temporary Administrator as a party defendant; and, second, that Appellees were estopped from asserting the failure to name the Temporary Administrator a party defendant.

The motion to dismiss filed by the Estate, clearly being a Plea in Abatement, had to be timely filed or it was waived. The real question then becomes "What is timely." Obviously under Rule 93, Tex.R. Civ.P., any defect in the parties had to be raised by a verified pleading, otherwise it would be waived. Rule 90, Tex.R.Civ.P., provides in part as follows:

" * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; * * * ."

Thus had the first trial been completed with a jury verdict, rather than a mistrial, the defect in parties would have been waived because it was not raised at that time. Fleming Oil Co. v. Watts, 193 S.W.2d 979 (Tex.Civ.App.—Texarkana 1946, writ ref'd n. r. e.). But there is no rule that prohibits the filing of motions and new pleadings before a case begins a second time. Quite often new motions and new pleadings are necessary. Since the mistrial in this case resulted from a mention of insurance, it certainly would have been usual to expect the filing of a motion in limine to prevent a recurrence of such error in a second trial. There is no rule

which requires a second trial to be on the same identical motions and pleadings as may have existed at the time of a mistrial.

After the motion to dismiss was filed on July 9, 1973, to specifically point out a defect in the pleadings (which failed to name the proper party defendant), such was brought to the attention of the Judge prior to the time any instruction or charge was given to the jury. Thus the Motion to Dismiss was timely and was not waived. In Hays v. Old, 385 S.W.2d 464 (Tex.Civ. App.—Texarkana 1964, writ ref'd n. r. e.), the Court said:

" * * * in a case tried before the court without a jury, the specific exception or plea in abatement must be filed before the rendition of the judgment. In a case tried before a jury, the specific exception or plea in abatement must be filed before the charge is read to the jury."

The first point on the issue of waiver is overruled.

Appellant suggests that Appellees are estopped to assert the defect in parties because they waited until after a mistrial and nearly five years from the time of the accident to raise such defect. This is not a case where the defendant laid back waiting for limitations to run and then raised the defect. This is quite simply a case where none of the attorneys apparently discovered the necessity for joining the Temporary Administrator until nearly five years after the accident. To reiterate, the accident occurred on July 13, 1968, and this second suit was filed against the Estate on July 10, 1970. When the Estate filed its Amended Answer on November 29, 1971, limitations had run for the filing of a suit against the Temporary Administrator because the cause of action did not abate by reason of the death of Mr. Anderson. Article 5525, Tex.Rev.Civ.Stat. Ann. Had the issue been raised at that time, the defect could not have been cured any more than it could when the amended

petition was filed in August, 1973. Failure to initially perceive a valid defense should not constitute an estoppel to raise that defense at a later date. The second point of error is overruled.

The judgment of the trial Court is in all things affirmed.