Darlene PRICE, Petitioner,

v.

The ESTATE of Welton Terry ANDERSON,
Deceased et al., Respondents.

No. B–4840.

Supreme Court of Texas.

May 7, 1975.

Malcolm McGregor and Janet R. Pauls,
El Paso, for petitioner.

Scott, Hulse, Marshall & Feuille, Frank
Feuille, IV, El Paso, for respondents.

WALKER, Justice.

This is a suit to recover damages for personal injuries sustained by Darlene Price, petitioner, while riding as a passenger in an automobile driven by Welton Terry Anderson, who died several months after the accident. The original petition named "The Estate of Welton Terry Anderson" as defendant, and citation was served on the temporary administrator of the estate. We hold that this interrupted the running of the statute of limitations and that the claim was not barred when petitioner subsequently amended to name the temporary administrator as a defendant.

The accident occurred in El Paso on July 13, 1968, and petitioner filed suit against Anderson a few months later. Anderson died on December 3, 1968. His attorneys first filed a suggestion of death in accordance with Rule 152, Texas Rules of Civil Procedure, and on October 13, 1969, they filed a motion to dismiss for failure to join necessary parties within a reasonable time. On October 16, 1969, Paul Echols was appointed temporary administrator of the decedent's estate by the County Court of El Paso County. The order of appointment authorized the temporary administrator to accept service of process, notify insurance carriers, and retain counsel in personal injury claims against the estate. Petitioner elected to take a non-suit on June 8, 1970, and then retained the attorneys now representing her.

The present suit was instituted on July 10, 1970, and the only defendant named in the original petition was "The Estate of Welton Terry Anderson." It was further alleged, however, that the estate might be served with process through Paul Echols, temporary administrator, at the address given in the petition. Echols was served promptly and forwarded the citation to the attorney who had represented the decedent's insurance carrier in the first suit. The attorney filed at different times on behalf of "the estate" an original answer, a first amended original answer, a motion

in limine, a motion for continuance and supporting affidavit signed by the temporary administrator, and eventually on July 9, 1973, a motion to dismiss on the ground that the plaintiff's cause of action was barred by the two-year statute of limitations.

Petitioner then filed her first amended original petition in which both the estate and the temporary administrator are named as defendants. The temporary administrator, who is respondent here, answered with a general denial and a motion to dismiss with prejudice, alleging that the temporary administrator is a necessary and indispensable party and that the suit against him is barred by the two-year statute of limitations. By an order reciting that the court had concluded that the motions to dismiss should be granted, the trial court rendered judgment that plaintiff take nothing against either the estate or the temporary administrator. The Court of Civil Appeals affirmed. 512 S.W.2d 78.

The parties recognized that the "estate" of a decedent is not a legal entity and may not properly sue or be sued as such. A suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries. From this premise respondent argues that the present suit was a nullity until he was joined as a party, and that the cause of action against him as a representative of the estate was then barred by the two-year statute of limitations. We do not agree.

Petitioner has directed our attention to the so-called misnomer cases, which hold that the running of the statute of limitations is interrupted by institution of suit against the intended defendant under an incorrect name, provided the true defendant is not misled but appears and has an opportunity to defend the suit before the statute of limitations has run. See Butler

v. Express Pub. Co., Tex.Civ.App., 126 S.W.2d 713 (wr. ref.); Callan v. Bartlett Elec. Co-op., Tex.Civ.App., 423 S.W.2d 149 (wr. ref. n. r. e.); Craig v. White Plaza Hotel, Inc., Tex.Civ.App., 289 S.W.2d 625 (wr. ref. n. r. e.); Law Reporting Co. v. Texas Grain & Elevator Co., Tex.Civ.App., 168 S.W. 1001 (wr. dis.); Pickering Mfg. Co. v. Gordon, Tex.Civ.App., 168 S.W. 14 (no writ); Weatherford, M.W. & N.W.R. Co. v. Crutcher, Tex.Civ.App., 141 S.W. 137 (no writ); McCord-Collins Co. v. Prichard, 37 Tex.Civ.App. 418, 84 S.W. 388 (wr. ref.); Prichard v. McCord-Collins Co., 30 Tex. Civ.App. 582, 71 S.W. 303 (no writ). See also Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840; Abilene Independent Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S.W. 847. This rule is well settled and sound. See Stokes v. Beaumont, S. L. & W. Ry. Co., 161 Tex. 240, 339 S.W.2d 877. Various reasons have been given for the holdings in the misnomer cases. The courts have spoken of waiver, estoppel, mistake not discoverable in the exercise of reasonable diligence, and relation back of the amended petition in which the defendant is correctly named.

■■■ This is not a true misnomer case. The mistake in a misnomer case is one of fact, i. e. as to the correct name of the party intended to be sued. The mistake in the present case is one of law, i. e. as to the party that should be sued to establish the liability of a decedent and collect the claim out of property belonging to his estate. It could be argued that a mistake of this nature is inexcusable, but we do not attempt to explore that question here. The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. See Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816, and authorities there cited. The original petition in the present case was filed within the period of limitation, and citation was served promptly on respondent, the person who should have been named as defendant. The purpose of the suit and the nature of the claim asserted were clear from the outset, and respondent answered for the "estate" and participated in all proceedings affecting the case.

Paraphrasing the language of the Court in Hallaway v. Thompson, supra, we think the purpose of the statutes of limitation will be given proper effect by holding that petitioner's action was commenced with the filing of the original petition. Respondent was then notified of the nature of the claim and the occurrence or transaction out of which it arose. He and his attorneys, who have represented him throughout this litigation, were then given timely opportunity to interview witnesses and to obtain such evidence as they deemed advisable to defend the suit. While petitioner made a mistake in her original petition as to the defendant that should have been sued, respondent was at all times fully cognizant of the facts and could not have been misled as to the basis of the suit, nor was he placed at any disadvantage in obtaining relevant evidence to defend the same. Under these conditions, we think it would be a misapplication of the statutes of limitation to hold that petitioner's action was barred.

The judgments of the courts below are reversed, and the cause is remanded to the district court for trial.