**Glenna Jo BROOKS, as the Personal Representative of the Estate of Jimmy L. Brooks, Deceased, Appellant,**

v.

**Herbert MAHFOUZ, Appellee.**

**No. 5718.**

Court of Civil Appeals of Texas, Waco.

July 28, 1977.

Donald V. Yarborough, Yarborough, Hinds & Shahan, Dallas, for appellant.

Laurence E. Bergman, Bergman & Crowl, Garland, for appellee.

HALL, Justice.

Appellant, Glenna Jo Brooks, as personal representative of the estate of Jimmy L. Brooks, deceased, brought this appeal by petition for writ of error to set aside a judgment rendered in favor of appellee, Herbert Mahfouz, against "The Estate of Jimmy Brooks."

Appellee initiated this suit in December, 1974, against "Jimmy Brooks dba Colonial Motors" for money damages allegedly stemming from transactions between them in the used car business. Brooks answered the suit with a general denial. In January, 1975, appellee filed his first amended petition "against Jimmy Brooks dba Colonial Motors and The Estate of Jimmy Brooks" reciting the fact of the filing of his original petition and Brooks's answer to it; suggesting that after the filing of the answer Brooks died; and alleging "that the Estate of Jimmy Brooks is now made a party to this cause of action and may be served with citation by serving the personal representative of the Estate, the widow of Jimmy Brooks, Mrs. Jimmy L. Brooks, and she may be served with citation at 6168 E. Lovers Lane, Dallas, Texas." Appellee then restated the count for damages which was set forth in his original petition, and prayed for citation against the "Defendants" and for judgment "against the Defendants and each of them, jointly and/or severally." Thereafter, citation was issued and directed to Mrs. Brooks (appellant on this appeal) simply as "defendant," and served on her, commanding her to appear and answer plaintiff's first amended petition. She did not answer the suit.

Thereafter, judgment was rendered in favor of appellee against both "Jimmy Brooks dba Colonial Motors" and "The Estate of Jimmy Brooks." The judgment recites that those defendants "did not appear either by written answer or in person and wholly made default." Later, the judgment against "Jimmy Brooks dba Colonial Motors" was set aside and the cause of action against him was dismissed because he was dead, but the judgment against "The Estate of Jimmy Brooks" was left in force.

The "estate" of a decedent is not a legal entity and may not properly sue or be sued as such. A suit to establish the liability of a decedent and collect the claim out of property belonging to his estate should be brought against the personal representative of the estate or, under appropriate circumstances, against the heirs or beneficiaries of the estate. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex.Sup., 1975).

■ Appellant was not joined or served with citation either as representative of the estate or an heir or beneficiary, and the judgment was not rendered against her in any capacity. Her contentions in these respects are sustained, requiring reversal of the judgment. However, because this is a direct appeal, we need not decide whether the judgment is void (as appellant asserts) or merely voidable.

The judgment is reversed and this cause is remanded to the trial court.