**Judy ROOKE, Appellant,**

v.

**Linda Ray Reed JENSON, Executrix of the Estate of Sam Ray Reed, Deceased, Appellee.**

No. 2–91–135–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 5, 1992.

Rehearing Overruled March 10, 1992.

Hardy, Milutin & Johns and Gwen E. Richard and Timothy M. Purcell, Houston, for appellant.

Bennett, Shannon & Cruz, P.C. and Vince Cruz, Jr., Fort Worth, for appellee.

Before JOE SPURLOCK, II, MEYERS and DAY, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Judy Rooke, appellant, appeals the trial court's action in granting a summary judgment in favor of Linda Ray Reed Jenson, executrix of the estate of Sam Ray Reed, deceased. In her sole point of error, Rooke contends that the trial court erred in granting appellee's motion for summary judgment based upon the affirmative defense of limitations.

We affirm because we hold that the proper potentially liable defendant in this action was not made a party prior to the expiration of the limitations period.

■ We may affirm a summary judgment only if the record establishes that the movant has conclusively proved all essential elements of its cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

A brief summary of the facts is in order. This cause of action arose out of an automobile accident between appellant and Sam Ray Reed on January 17, 1986. Mr. Reed died in June 1987, some six months prior to the time appellant's original petition was filed naming him as the only party. Appellant amended her petition in February 1988 to name as the only defendant Nellie Mae Reed, as executrix of the estate of Sam

Ray Reed, deceased. A motion to quash the citation and service made upon Mrs. Reed was filed, but went unchallenged. Appellant amended her petition in April, 1988 to name Mrs. Reed again in this same capacity as the sole defendant. A second motion to quash citation and service was timely filed, also going unchallenged.

We point out that although Mr. Reed's will appointed his wife, Nellie Mae Reed, as executrix of his estate, and while she was in fact the sole beneficiary under the will, at no point in this litigation did Mrs. Reed ever apply for *or qualify as* executrix of the estate. Her sole action in attempting to administer the estate was to file an application to probate the will as a muniment of title. *See* TEX.PROB.CODE ANN. sec. 89 (Vernon Supp.1992).

In May 1989, appellant sought to set aside the order which admitted the will as a muniment of title and to establish an administration of the estate for the reason of the potential liability of the estate to her arising out of the auto accident. The probate court found a need for the estate to be administered. At that time Mr. Reed's daughter, appellee Linda Ray Reed Jenson, was appointed as executrix, not Nellie Mae Reed. At no time had Nellie Mae Reed ever been named executrix. Appellant subsequently amended her petition for a fourth time on October 12, 1990. This time, she named appellee in her capacity as executrix as the sole defendant to the action.

■ In order for appellant to avoid summary judgment based on limitations, a proper defendant must be sued within three years following the occurrence in question, which includes the primary two-year limitations period for auto accidents and the additional twelve months provided in the event the defendant is deceased. TEX.CIV.PRAC. & REM.CODE ANN. secs. 16.003(a) and 16.062 (Vernon 1986). In this instance, appellee or some other party, in their proper capacity, must have been made a party prior to January 17, 1989.

Both parties rely upon *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex.1975) as authority for their respective positions. In *Price*, the injured party sued the estate of Anderson arising out of an auto accident, and served citation upon the person duly appointed as the temporary administrator prior to the expiration of limitations. The temporary administrator answered on behalf of the estate and participated in all proceedings related to the litigation. At some point following the expiration of the limitation period, and after the temporary administrator had been appointed as the executor, the plaintiff amended her pleadings to name the executor of the estate as defendant in the capacity in which he served. The court held that the filing of the original petition was sufficient to toll the running of limitations, in that the proper party was initially served, had acted in behalf of the estate from the inception of litigation, and was not prejudiced in formulating a defense for the estate. *Id.* at 692. Thus, the primary purpose of the statute of limitations had been effectuated. *Id.*

■ We agree with the holdings in *Price*, 522 S.W.2d at 691, and *Camellia Diced Cream Co. v. Chance*, 339 S.W.2d 558, 560 (Tex.Civ.App.—Houston 1960, no writ) that an "estate" as such is not a proper party and cannot sue or be sued in that capacity. However, the court in *Price* went on to say that in like situations, the proper person to sue is the personal representative or, under appropriate circumstances, the heirs or beneficiaries of the estate. *Price*, 522 S.W.2d at 691.

We find *Price* applicable but distinguishable in several regards. In *Price*, the administrator was the person who was initially served and actively participated in the defense of the claim. That same person was later named as the proper party, albeit after limitations had expired. *Id.* In the instant case, the appellee (the deceased's daughter) was not made a party or served with citation during the limitations period. Although we realize that appellee did not qualify as executrix until after the expiration of the limitations period, we believe that this is such an instance in which Mrs. Reed (the deceased's widow) *could have been sued in her capacity as an heir or*

*beneficiary* of the estate in order to avoid the limitations defense. *Id.* Furthermore, in light of her knowledge of the death of Mr. Reed and the order admitting the will to probate as a muniment of title long before the expiration of the limitations period, appellant certainly could have formally sought an administration of the estate in a more diligent fashion, thereby creating a proper party to sue and serve. Additionally, in the case on appeal, when appellant amended her petition for the fourth time, naming the appellee as a party, she effectively dismissed her suit against Nellie Mae Reed, whom it arguably could be said was sued *in some capacity* as the responsible party (as heir or beneficiary).

We are aware of the line of "misnomer" cases wherein many courts have held that the statute of limitations will not bar a timely suit against the intended defendant under an incorrect name, provided that the actual defendant is not misled, makes an appearance and has ample opportunity to defend the suit before limitations runs. *See Stokes v. Beaumont, Sour Lake & Western Railway Co.,* 161 Tex. 240, 339 S.W.2d 877 (1960); *Craig v. White Plaza Hotel, Inc.,* 289 S.W.2d 625 (Tex.Civ.App.—Waco 1956, writ ref'd n.r.e.). This is not such a case. We find no other grounds—legal or equitable—upon which appellant may avoid the limitations defense.

We hold that the trial court properly granted summary judgment based on the affirmative defense of limitations as appellee conclusively proved all essential elements of her defense as a matter of law. Appellant's sole point of error is overruled.

The judgment is affirmed.