John RICHARDSON, Appellant,

v.

George R. LAKE, Administrator of the Estate of June C. Montgomery, Deceased, Appellee.

No. 04–97–00832–CV.

Court of Appeals of Texas, San Antonio.

March 11, 1998.

Allen C. Lee, Ingleside, for Appellant.

John A. Guerra, Mark R. Strandmo, Brock & Person, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., RICKHOFF, J., and DUNCAN, J.,concurring in the judgment only.

## OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

This is an appeal from the granting of a summary judgment. In one point of error, the appellant, Richardson, asserts that the trial court incorrectly held that the statute of limitations barred his negligence suit against appellee, Lake. We reverse and remand.

### FACTS AND PROCEDURAL BACKGROUND

On March 31, 1995, Richardson suffered injuries as the result of an automobile accident between Richardson and June Montgomery. In December 1995, June Montgomery died. On February 13, 1997, approximately 45 days before the two-year statute of limitations for personal injuries claims was to run, Richardson filed suit against "The Estate of June Montgomery, Deceased." In his original petition, Richardson noted that Montgomery's will had not been probated and that the estate had not been administered. Richardson requested that "a Temporary Administrator be appointed to receive service of this lawsuit and present it to the proper party to defend the suit."

On April 29, Lake was qualified by a probate court to serve as administrator to the Montgomery estate. He was served with Richardson's original petition on May 1, exactly one month after the statute of limitations had run. Lake filed an answer on May 22. His answer included a general denial and a claim that the suit failed to identify a proper defendant, because estates are not legal entities and may not sue or be sued. On June 5, Lake filed a motion to dismiss, based on Richardson's failure to name a legal entity in his suit. Richardson responded, pointing out that his original petition clearly indicated that he intended to sue the estate's administrator, when one was named, and seeking permission to file a supplemental petition to name the correct defendant. The motion to dismiss was denied, and Richardson's request to supplement his petition was granted. The amended petition was filed on June 12.

In July, Lake filed a pretrial motion for summary judgment alleging that the claim against the estate was time-barred. The trial court granted this motion on August 27, 1997.

### STANDARD OF REVIEW

On appellate review of a summary judgment, the summary-judgment movant has the burden to show that there is no genuine issue of material fact and that the movant was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in the non-movant's favor. *Id.*

### DISCUSSION

Richardson acknowledges that his personal injury claim was subject to a two-year statute of limitations bar. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 1998). Richardson argues that his original petition, filed before suit was barred, tolled the statute and that his supplemental petition "related back" to this original pleading. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997) (subsequent amendments or supplements to pleading filed within statute of limitations are not subject to plea that claim is time-barred unless amendment is

wholly based on new, distinct, or different transaction or occurrence). Alternately, Richardson alleges that he was entitled to restyle his petition under the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 71 (when party has mistakenly designated any plea or pleading, the court may treat pleading as if it had been properly designated).

▮ Lake correctly points out that an estate is not a legal entity and can neither sue nor be sued. *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987). Lake is also correct in noting that naming an estate as a defendant is an error going to a trial court's jurisdiction. *Id.* Thus, the error cannot be waived by failure to preserve it. *Id.* Lake contends that the "relation-back" doctrine cannot be applied here, because Richardson's new pleading brought a "new defendant" into the suit, and this is not authorized under that doctrine. *See Cothrum Drilling Co. v. Partee,* 790 S.W.2d 796, 800 (Tex.App.—Eastland 1990, writ denied). Finally, Lake argues that the rule regarding "misnomer of pleadings" is also inapplicable, because that rule is intended to cover misnamed *documents,* not cases where a plaintiff has failed to name the correct defendant.

In *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975), the supreme court discussed a nearly identical fact pattern. In that case, Price filed a personal injury suit against Anderson's estate within the statute of limitations. *Price,* 522 S.W.2d at 691. The petition, while naming the estate as the defendant, directed service to go to the temporary administrator. *Id.* The administrator's attorney answered on behalf of the estate and eventually filed a motion to dismiss on the basis of the statute of limitations. *Id.* Price filed an amended petition correctly identifying the administrator as the defendant. *Id.* The trial court granted the administrator's motion to dismiss.

The supreme court reversed, arguing that the trial court's decision did not give proper effect to the purpose of the statute of limitations. *Id.* at 692. The court stated that the case was one of "mistake of law," rather than misnomer of pleadings:

It could be argued that a mistake of this nature is inexcusable, but we do not attempt to explore that question here. The primary purpose of the statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.... The purpose of the suit and the nature of the claim asserted were clear from the outset...."

*Id.* (citations omitted).

▮ We cannot even say that Richardson has committed a "mistake of law." His petition makes it clear that he understood that he needed to name an administrator as the defendant. The procedural history of the case indicates that he diligently tried to follow the law.[1] As in *Price,* there was never any question about the purpose or nature of the suit or of the intended defendant. While it is true that Lake never participated in this litigation without reserving his right to complain that the estate was an improper party, we find that Richardson's unmistakable intent to properly sue the estate's administrator ensured that the purposes of the statute of limitations would be effected. *See also Pitman v. Lightfoot,* 937 S.W.2d 496, 530 (Tex.App.—San Antonio 1996, writ denied) (relation-back doctrine enunciated in Texas Civil Practices and Remedies Code applies to amended pleading adding estate trust as defendant after statute of limitations barred new claims).

## CONCLUSION

We recognize that naming an estate as a defendant is error. However, our holding recognizes Richardson's amended pleading as properly before the trial court. Thus, the trial court had jurisdiction to hear the case and erroneously granted summary judgment. The judgment is reversed, and the case is remanded.

---

1. Lake was served with citation on the third day after being named executor.