NO. 12-01-00302-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GUILLERMO PITALUA,
§
 APPEAL FROM THE 

APPELLANT



V.
§
 COUNTY COURT AT LAW #2


JESUS B. VALERA, CONCEPCION

BARRERAS, ADMINISTRATRIX OF

THE ESTATE OF JORGE BARRERAS

AND JORGIS BARGA BARREGOS,

APPELLEES
§
 DALLAS COUNTY, TEXAS

 

PER CURIAM


 Appellant Guillermo Pitalua appeals the trial court's summary judgment in a suit brought
against Concepcion Barreras, Administratrix of the Estate of Jorge Barreras, appellee. In two issues,
Pitalua complains that the trial court erred when it granted summary judgment based upon either the
statute of limitations or the failure to use due diligence in securing service of process upon Barreras. 
We affirm.


Background

 Pitalua and Jorge Barreras were involved in an automobile collision in which Pitalua was
injured. Pitalua sued Jorge Barreras for negligence on October 11, 2000, seven days before the two-year statute of limitations had run. But when he attempted to serve Jorge, he was told that Jorge was
deceased. Pitalua also sued Jesus Valera, Jr. and Maria Isabel Valera for negligent entrustment. In
response to Pitalua's interrogatories, Maria Valera informed Pitalua that Jorge had died. She also
disclosed that Concepcion Barreras, Jorge's wife, was the administrator of the estate. Pitalua
received Valera's responses on or about December 6, 2000. Pitalua did not sue Barreras as
administrator of Jorge's estate until June 7, 2001, approximately two years and eight months after
the date of the collision. She was served with citation on July 5, 2001.

 Barreras filed a motion for summary judgment and argued that Pitalua's suit against her was
barred by the two-year statute of limitations. She also averred that it was barred by Pitalua's failure
to serve Barreras with due diligence. The trial court granted summary judgment without stating the
theory upon which it had based its decision. This appeal followed.


Summary Judgment Standard of Review

 Pitalua complains that the trial court erred when it granted Barreras's motion for summary
judgment. In reviewing a 166a(c) summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which
are:


 1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law.


 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



Id.

 For a party to prevail on a motion for summary judgment, he must conclusively establish the
absence of any genuine question of material fact and that he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one essential element of the non-movant's cause of action, or prove all essential elements of an affirmative defense. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the existence of
a genuine issue of a material fact are resolved against the movant, we must view the evidence and
its reasonable inferences in the light most favorable to the nonmovant. Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We are not required to
ascertain the credibility of affiants or to determine the weight of evidence in the affidavits,
depositions, exhibits and other summary judgment proof. The only question is whether or not an
issue of material fact is presented. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). 

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 (Tex. 1979). All theories in support of or in opposition to a motion for summary judgment must
be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When
a summary judgment does not specify or state the grounds relied on, as in the instant case, the
summary judgment will be affirmed on appeal if any of the grounds presented in the motion are
meritorious. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).


Due Diligence in Securing Service

 In his second issue, Pitalua complains that the trial court erred if it granted summary
judgment based upon his failure to use due diligence in serving Barreras. To toll the statute of
limitations, a plaintiff must not only file suit within the limitations period, but also must exercise due
diligence in procuring the issuance and service of citation. Gant v. DeLeon, 786 S.W.2d 259, 260
(Tex. 1990); Brown v. Shores, 2002 Tex. App. LEXIS 2940, at *6 (Tex. App.-Houston [14th Dist.]
April 25, 2002, no pet. h.). Due diligence is that diligence to procure service which an ordinarily
prudent person would have used under the same or similar circumstances. Li v. University of Tex.
Health Sci. Ctr. at Houston, 984 S.W.2d 647, 652 (Tex. App.-Houston[14th Dist.] 1998, pet.
denied). Generally, due diligence is a question of fact; however, if no valid excuse exists for
plaintiff's failure to timely serve notice of process, the issue can be determined as a matter of law. 
Id. Texas courts have consistently held that due diligence was lacking as a matter of law based on
unexplained lapses of time between filing of suit, issuance of citation, and service. See, e.g., Eichel
v. Ullah, 831 S.W.2d 42, 44 (Tex. App.-El Paso 1992, no writ) (two months between filing suit and
issuance of citation, and nine months without any activity aimed at finding or serving defendant);
Liles v. Phillips, 677 S.W.2d 802 (Tex. App.-Fort Worth 1984, writ ref'd n.r.e.) (two years and one
month between filing and service). 

 In his response to Barreras's motion for summary judgment, Pitalua argued that public policy
dictates that the statute of limitations toll after the administrator has been put on constructive notice
of a pending lawsuit against the decedent's estate. He also argued that the proper period of time to
look at in determining due diligence was the time between filing suit against Barreras and serving
her (twenty-eight days). He cited no dispositive authority to support these positions, however. 
 In this case, Pitalua filed his petition seven days before the statute of limitations had run, but
failed to name Barreras as a defendant until eight months later. Assuming that limitations had tolled
due to Pitalua's mistake of law in suing the deceased instead of Barreras, (1) Pitalua still had a duty to
use due diligence to serve the correct party. When Pitalua attempted to serve Jorge, he was apprised
of Jorge's death. Two months later, Valera informed Pitalua that Jorge was deceased and that
Barreras was the administrator of Jorge's estate. We hold that Pitalua's failure to serve Barreras for
approximately six months after being given notice of Jorge's death shows a lack of due diligence as
a matter of law. Consequently, the trial court did not err when it granted Barreras's motion for
summary judgment. 

 Because we hold that there was a meritorious theory upon which to grant summary judgment,
it is not necessary that we address Pitalua's first issue. Accordingly, we affirm the judgment of the
trial court.




Opinion delivered May 22, 2002.

Panel consisted of Worthen, J., and Griffith, J.



(DO NOT PUBLISH)
1. A plaintiff's petition, which properly named the decedent's administrator as defendant, but which was
filed after the applicable two-year statute of limitations had expired, relates back to the plaintiff's timely filed
original petition. Price v. Estate of Anderson, 522 S.W.2d 690 (Tex. 1975); see also Gregg v. Barron, 977 S.W.2d
654 (Tex. App.-Fort Worth 1998, pet. denied); Richardson v. Lake, 966 S.W.2d 681 (Tex. App.-San Antonio
1998, no pet.).