**Affirmed and Memorandum Opinion filed June 27, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-01080-CV

---

## PATRICK KAPTCHINSKIE AND LAURA KAPTCHINSKIE, Appellants

## V.

## THE ESTATE OF CHARLES O. KIRCHNER, DECEASED, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2014-43242**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a judgment against them for breach of contract, Patrick and Laura Kaptchinskie argue that Mira Huffman, the administrator of her father's estate, lacked capacity to sue them; that Huffman's claim was time-barred; and that the damage award was based on unadmitted evidence. We affirm.

# I. BACKGROUND

Patrick and Laura Kaptchinskie bought real property from Charles and Betty Kirchner in 2007. The original amortization schedule called for the Kaptchinskies to make monthly payments until October 2019.

Charles Kirchner died in September 2009; Betty predeceased him. The Kaptchinskies made no further payments on the note after Charles's death. According to the Kaptchinskies, they ceased payments because they did not know to whom they should send the payments. In March 2011, however, the Kaptchinskies' attorney wrote to the Kirchners' daughter Mira Huffman, acknowledging that Huffman had "legal authority to handle the estate matters" of Charles and Betty Kirchner and was entitled to receive the payments on the note. The Kaptchinskies offered to pay $10,000.00 for a release of the estates' interest in the property, but Huffman did not accept the offer.

In July 2014, attorney Peter Bennett sent the Kaptchinskies a notice of default and acceleration of the promissory note. In response, the Kaptchinskies filed an application for a temporary restraining order and temporary injunction to prevent the property's sale and named as defendants the estates of Charles and Betty Kirchner, Bennett, and Bennett's law firm, Peter Joseph Bennett, P.C.[1] Bennett filed an answer and counterclaim for breach of contract on behalf of "the Estate of Charles O. Kirchner, Deceased." In this pleading, Bennett stated that Charles died in September 2009 and that Huffman was appointed the independent administratrix of Charles's

---

[1] Although it is not in the record, the Kaptchinskies apparently also filed a pleading asserting a claim of wrongful foreclosure and requesting declaratory judgment; the record contains an order dismissing those claims. They do not appeal that ruling, which is merged into the final judgment.

estate in December 2010.  In their answer to the counterclaim, the Kaptchinskies asserted that the claim was barred by limitations.

After a nonjury trial on the counterclaim for breach of contract, the trial court rendered judgment for the estate of Charles Kirchner, ordering the Kaptchinskies to pay actual damages of $69,487.94, together with attorney's fees of $12,500.00 post-judgment interest, and costs.  The Kaptchinskies filed a motion for new trial, which was overruled by operation of law.

## II. ISSUES PRESENTED

In their first issue, the Kaptchinskies argue that the trial court lacked jurisdiction over the case because Huffman lacked capacity to sue on behalf of her father's estate.  They contend in their second issue that the trial court lacked jurisdiction because Huffman's breach-of-contract claim was time-barred.  In their third issue, they assert that the trial court awarded damages based on unadmitted evidence.

## III. HUFFMAN'S LEGAL CAPACITY

In their first issue, the Kaptchinskies contend that Huffman lacked legal capacity to pursue the breach-of-contract claim because "no legal authority for Huffman to act on behalf of her father's estate was shown."  Although the Kaptchinskies correctly characterize "capacity" as a party's legal authority to sue or be sued, capacity is not, as they contend, a jurisdictional issue.  *See City of Port Isabel v. Pinell*, 161 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2005, no pet.).  Indeed, if a party's lack of capacity is not raised in a verified pleading, the complaint is waived.  *See* TEX. R. CIV. P. 93; *Mariner Health Care of Nashville, Inc. v. Robins*, 321 S.W.3d 193, 202 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  Because the Kaptchinskies failed to raise Huffman's alleged lack of capacity in a verified

3

pleading, the issue is waived. Nevertheless, we will clarify Huffman's role in this case, not only because the litigants have consistently identified "the Estate of Charles O. Kirchner" as a party to the suit rather than Huffman, but also because the judgment identifies Charles Kirchner's estate as the prevailing party.

A decedent's estate "is not a legal entity and may not properly sue or be sued as such." *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975). If, however, "[t]he purpose of the suit and the nature of the claim asserted were clear from the outset, and respondent answered for the 'estate' and participated in all proceedings affecting the case," then the mistake is treated as analogous to a misnomer. *Id.* at 692.

Although the Kaptchinskies mistakenly named "the Estate of Charles O. Kirchner, Deceased" as a defendant, the record shows that this was a misnomer for Mira Huffman in her capacity as the estate's administratrix. In the answer and counterclaim she filed on behalf of "the Estate," Huffman identified herself as the estate's administratrix, and she appeared and testified at trial. A copy of the letters of independent administration with will annexed was admitted without objection, and it shows that Huffman was qualified as the estate's independent administratrix by a Travis County probate court in December 2010. Huffman therefore established her legal authority to act on behalf of her father's estate.

In a related argument, the Kaptchinskies argue that there was a defect of parties because although their contract was with both Charles and Betty Kirchner, the breach-of-contract claim was asserted only by Charles's estate—or more accurately, by Huffman, in her capacity as the estate's administratrix. This argument, too, has been waived. An objection to a defect of parties must be raised before the case is called for trial. *See* TEX. R. CIV. P. 37. Because the Kaptchinskies

4

first asserted that there was a defect of parties after the case was called for trial, we do not address this argument.

## IV. LIMITATIONS

The Kaptchinskies next contend that the trial court lacked jurisdiction to try Huffman's counterclaim because it was barred by the statute of limitations. Here, too, the Kaptchinskies are mistaken in characterizing their complaint as jurisdictional. Limitations instead is an affirmative defense. *See* TEX. R. CIV. P. 94; *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 722 (Tex. 2016). A party asserting an affirmative defense bears the burden of proof on that issue. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 344 (Tex. 2011).

Although the trial court made no express findings of fact about the Kaptchinskies' limitations defense, we must presume that the trial court made all findings necessary to support the judgment. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam).[2] We therefore presume that the trial court found that the Kaptchinskies failed to prove that Huffman's claim was time-barred. Because this is an adverse finding on an issue for which the Kaptchinskies bore the burden of proof, they can overcome the presumed finding only by demonstrating that the evidence conclusively establishes that the statute of limitations bars Huffman's claim. *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 284 n.7 (Tex. 1998) ("To overcome the trial court's adverse finding on a factual proposition for which it bears the burden of proof, a party is

---

[2] The Kaptchinskies filed an initial request for findings of fact and conclusions of law, but none were issued, and the Kaptchinskies did not purse the request further. *Cf. Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 183 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (appellant's failure to file and serve a notice of past due findings of fact and conclusions of law as required by Texas Rule of Civil Procedure 297 waives any complaint about the absence of findings).

required to establish on appeal that the evidence conclusively establishes the proposition."). To determine whether the evidence conclusively establishes that Huffman's claim is time-barred, we review all of the evidence in the light most favorable to the finding, indulging every reasonable inference that would support it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could, and we disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827.

According to the Kaptchinskies, Huffman's breach-of-contract claim is barred by the four-year residual statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2015). Although the Kaptchinskies correctly state the general rule that contract claims are barred four years after accrual, there are exceptions. Upon the death of a person to whom the cause of action belongs, the limitations period is tolled for the earlier of (a) one year, or (b) the date on which the estate's executor or administrator is qualified. *See id.* § 16.062. The Kaptchinskies' contract was with Charles and Betty Kirchner, and according to the uncontroverted evidence presented at trial, Betty predeceased Charles; Charles died on September 16, 2009; and Huffman was not qualified as Charles's estate's independent administratrix until December 10, 2010. The limitations period accordingly was tolled for one year after Charles's death, and thus, Huffman could assert a breach-of-contract claim up to five years after the claim accrued.

The Kaptchinskies contend that Huffman's claim is barred because she filed the claim on July 31, 2014, alleging that the Kaptchinskies breached the contract in August 2008. The evidence at trial, however, showed that the Kaptchinskies last made a monthly mortgage payment in August 2009, and wrote "July Payment" on the check's memo line. Although the July payment was late, the amount paid was sufficient to cover the amount owed plus the $50.00 late-payment fee permitted

6

under the contract, and Charles accepted the payment. Thus, the Kaptchinskies' next payment was due on August 1, 2009. That payment was never made. Huffman asserted her breach-of-contract claim on July 31, 2014, and at trial, she sought recovery only of amounts due on or after August 1, 2009; thus, the entirety of her claim was filed within the applicable five-year limitations period.

We overrule this issue.

## V. DAMAGES

In their last issue, the Kaptchinskies assert that the trial court based the damage award on documentation that the trial court had ruled was inadmissible. The Kaptchinskies do not identify the document or documents to which they refer. Moreover, the record shows that the trial court did not rule that any of Huffman's exhibits were inadmissible. Eight of her nine exhibits were admitted without objection; the remaining exhibit was admitted for the limited purpose of "showing the amount that was due under the note," but not for showing all of the amounts paid. The amounts paid, however, were reflected on one of the exhibits admitted without objection. In addition, Huffman testified to the amount due.

Under the same heading, the Kaptchinskies assert that "evidence was presented that the Kaptchinskies made overpayments to the Kirchners and these overpayments were not factored by the trial court in its judgment." The Kaptchinskies do not identify the amount of the award that they claim is excessive or how they arrived at that conclusion. This single sentence is unsupported by citations to the record, by citations to authority, or even by argument, and we are not obligated "to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (quoting *Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)).

7

We overrule the Kaptchinskies' third issue.

## VI. CONCLUSION

Having overruled each of the complaints that were preserved for our review, we affirm the trial court's judgment.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Busby, and Jewell.