**Gerald Anthony WRIGHT, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION, Appellee.**

**No. 14–99–01204–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 2001.

Daniel E. Maeso, Gerard Raphael Rawls, Austin, for appellee

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE. (SEYMORE, J., dissenting).

## OPINION

SCOTT BRISTER, Chief Justice.

On November 21, 1990, Gerald Anthony Wright, the appellant and an inmate in the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID"), filed a state tort claim against James A. Collins, the former director of TDCJ–ID, for injuries he sustained a month earlier in a slip-and-fall at the Ellis Two Unit. On March 31, 1991, Wright amended his complaint to add several other state employees as defendants, and on July 27, 1995, amended again to add TDCJ–ID.

In 1998 and 1999, more than eight years after the original petition, the defendants filed several pleas to the jurisdiction, asserting that the individuals were not proper defendants under the Texas Tort Claims Act, and that Wright had failed to give TDCJ–ID the six-month notice of claim required by the Act. Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 1997). The record does not reflect any written ruling on these pleas prior to October 1, 1999, when the case was called to trial. At that time, the defendants orally moved to dismiss Wright's lawsuit because his cause of action was barred by limitations. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.2001) (providing two-year statute of limitations for personal injury claims). The trial court granted the motion and signed an order stating the dismissal was granted "for failure to file timely under ACT [sic] 16.03[sic] of the Civil Practice and Remedies Code." Wright appeals the dismissal only as to TDCJ–ID.

■ In his brief, Wright argues the trial court erred in finding his claim barred by

limitations because, even though he did not sue TDCJ–ID until after limitations had run, he sued and served Collins within the limitations period. As we explain below, we agree with Wright that, although he sued and served the wrong party initially, limitations was tolled because TDCJ–ID was not misled or prejudiced and knew it was the intended defendant of the suit. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 5–6 (Tex.1990).

■■■ This is a case of misidentification. *See Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999). In such cases, limitations may be tolled when a plaintiff sues an incorrect entity if (1) there are two separate but related entities that use a similar trade name, (2) the correct entity had notice of the suit, and (3) was not misled or disadvantaged by the mistake. *Id.* at 830. This rule applies to governmental as well as business entities. *Castro v. Harris County,* 663 S.W.2d 502, 505–06 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (holding limitations did not bar suit against county's flood control district when suit was filed against county within limitations period and flood control district was not misled or prejudiced). It also applies to entities and the individuals who represent them. *Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975) (holding limitations did not bar suit against executor, although it was improperly filed against "estate," when suit was served on executor, the nature of the suit was clear from the outset, and executor participated in all proceedings affecting the case).

■■ Because this was a suit under the Texas Tort Claims Act,[1] the proper defendant was TDCJ–ID, not Collins. TEX. CIV. PRAC. & REM.CODE ANN. § 101.102(b) (Vernon 1997). Collins was, however, the proper agent for service upon TDCJ–ID. *Id.* at § 101.102(c) (Vernon 1997). Had Wright's action been a federal constitutional claim, Collins would have been the proper defendant. *See* 42 U.S.C. § 1983 (1994). The same attorneys (with the Texas Attorney General's Office) represented both Collins and TDCJ–ID. There is no indication that TDCJ–ID was misled or prejudiced when Wright incorrectly named Collins as the defendant. Indeed, TDCJ–ID admitted that Collins receives hundreds of similar suits. Collins' answer never asserted that Wright should have sued TDCJ–ID.[2] Thus, we find that Wright's amendment to add TDCJ–ID was not barred by limitations.

Alternatively, TDCJ–ID argues in its brief that the trial court's order was correct because Wright failed to give notice of his claim within six months of his injury. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997). This ground was not raised in TDCJ–ID's oral motion, or referenced in the trial court's order. We have little doubt that, had Wright been informed of this basis, he would have responded to it.[3]

■■ But even if dismissal had been based on this ground, we do not believe the record supports it. Wright was not required to give notice of his claim if TDCJ–ID had actual notice of it. *Id.*

1. Wright did not specifically cite the statute until his amended petition filed March 13, 1999, but his original petition was entitled "State Tort Claim Negligence."

2. It appears from the docket sheet that the individual defendants first raised this issue orally at a hearing held on July 11, 1995 on their motion to dismiss Wright's suit for want

of prosecution. The trial court denied their motion, but ordered Wright to add TDCJ–ID within 30 days. He did so within a week.

3. Our record contains 8 pleadings, 4 affidavits, 27 discovery requests or motions, and 16 letters filed by Wright in this litigation.

§ 101.101(c). In order to constitute actual notice, a governmental entity must have knowledge of the injury, the entity's alleged fault in contributing to it, and the identity of the parties involved. *Garcia v. Texas Dept. of Criminal Justice,* 902 S.W.2d 728, 730 (Tex.App.—Houston [14th Dist.] 1995, no writ).

■ The record includes a "Supervisor Report on Employee/Inmate Injury" that was prepared on the day of Wright's alleged injury and proved up as a business record.[4] That document indicates the date, time, place, and nature of Wright's alleged injury. More importantly, it indicates that:

- the accident was caused by "something that needed repairs," namely, a beverage table with a leak that required frequent mopping;
- a "wet floor" sign was available but not used on the occasion in question; and
- inmate workers were instructed after the accident to use the wet floor sign.

We believe these facts were sufficient to constitute actual notice to TDCJ–ID. Further, because Wright sued within a month of his injury, TDCJ–ID could not have been prejudiced in gathering facts by failure to receive a notice letter within six months.

■ Finally, TDCJ–ID argues in its brief that the trial court's order was proper because Wright's action was frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 13.001(a)(2) (Vernon Supp. 2001).[5] Dismissal on this basis is appropriate when the claim has no arguable basis in law or fact. TEX. CIV. PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp.2001); *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990) (indicating § 13.001(b)(2) is appropriate basis for dismissal). Other than the limitations and notice grounds previously rejected, TDCJ–ID does not indicate why Wright's suit has no arguable basis in fact or law. Thus, TDCJ–ID has waived this argument. TEX. R.APP. P. 38.1(h), 38.2(a)(1).

It is with some reluctance that we revive this rather drawn-out litigation, soon to celebrate its eleventh year in the Texas court system. Nevertheless, finding no basis on which to affirm the trial court's order, we reverse the trial court's judgment against TDCJ–ID and remand the cause for further proceedings in accordance with this opinion.

CHARLES SEYMORE, Justice, dissenting.

I respectfully dissent. The majority would toll the limitations period because Wright sued an employee of TDCJ–ID (who was TDCJ–ID's agent for service of process) within the period of limitations. I would not extend the equitable principle of *Hilland* and *Enserch* to cases involving individual employees of another related business or governmental entity. *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975); *Enserch Corp. v. Parker,* 794 S.W.2d 2 (Tex.1990); *Cortinas v. Wilson,* 851 S.W.2d 324, 327 (Tex.

---

4. This document is attached to Wright's "Second Supplemental Motion for Summary Judgment" filed on August 5, 1998. If we can consider grounds TDCJ–ID did not raise at the time but that appear elsewhere in the record, we do not see how we can refuse to do the same for Wright.

5. Inmate litigation is now governed by chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon Supp.2001). But because Wright's action accrued prior to June 8, 1995, the effective date of chapter 14, it is governed by section 13.001. *See Thompson v. Henderson,* 927 S.W.2d 323, 324 (Tex.App.— Houston [1st Dist.] 1996, no writ).

App.—Dallas 1993, no writ). Unlike the intended defendants in *Hilland* who "made a conscious effort" to hold themselves out to the public under a different name, TDCJ–ID made no representations that it was the same legal entity as its director, James A. Collins. 528 S.W.2d at 830. There is little basis for confusion. Mr. Collins is not a related legal entity and does not use a "trade name" similar to TDCJ–ID. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex.1999). I would affirm the trial court's decision to dismiss Wright's suit because it is barred by the statute of limitations.