Roderick B. **RAYFORD**, Appellant,

v.

Jani **MASELLI**, Louis A. Gimbert, and State Counsel for Offenders, Appellees.

No. 01–00–00516–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 2002.

Rehearing Overruled April 16, 2002.

Roderick Rayford, Huntsville, Pro Se.

Daniel C. Perkins, Austin, for Appellee.

Panel consists of Justices WILSON, HEDGES, and JENNINGS.

## OPINION

HEDGES, Justice.

The trial court granted the plea to the jurisdiction and motion to dismiss filed by appellee, Louis A. Gimbert (Gimbert). Appellant appeals from that decision. We affirm.

### Background

Appellant filed suit against appellees Jani Maselli, Louis A. Gimbert, and Texas Department of Criminal Justice, State Counsel For Offenders (TDCJ–SCO), on grounds of legal malpractice, fraudulent concealment, false representation, breach of contract, deceptive and misleading actions, unconscionable course of action, and negligence, all within the Texas Deceptive Trade Practices Act (DTPA). On March 9, 2000, Gimbert filed a plea to the jurisdiction. On April 3, 2000, he filed a supplement to that plea.

After a hearing on April 17, 2000, the trial court granted Gimbert's plea and dismissed the case against all of the defendants because the petition was frivolous under section 14.003 of the Texas Civil Practice and Remedies Code. On May 8, 2000, a different trial court assessed costs against appellant.

In two points of error, appellant argues that (1) he qualifies as a consumer within the DTPA and (2) the trial court should not have dismissed his case under section 14.003 of the Texas Civil Practice and Remedies Code.

## Section 14.003

Section 14.003 provides that a trial court may dismiss a claim if the court finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.2002). In determining whether a claim is frivolous or malicious, the court may consider, among other things, (1) if the claim has no arguable basis in law or fact and (2) if it is clear that the party cannot prove facts in support of the claim. *Id.* § 14.003(b)(2)(3).

We review a trial court's dismissal of an inmate's claim pursuant to section 14.003(a) under an abuse of discretion standard. *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, writ denied). A court abuses its discretion if it acts without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

Here, the trial court did not articulate why the suit was dismissed. However, one of the bases for dismissing the case was because appellant did not qualify as a consumer within the DTPA. We now review appellant's status as a consumer.

## DTPA

To prevail on an action brought under the DTPA, the party must be a consumer. *See generally Kennedy v. Sale,* 689 S.W.2d 890, 892–93 (Tex.1985). Whether a party is a consumer under the DTPA is a question of law. *Hand v. Dean Witter Reynolds Inc.,* 889 S.W.2d 483, 496 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Under the DTPA, a consumer is one who seeks or acquires, by purchase or lease, any goods or services. TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon Supp. 2002); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981). A plaintiff establishes standing as a consumer in terms of his or her relationship to a transaction, not by a contractual relationship with the defendant. *Birchfield v. Texarkana Mem'l Hosp.,* 747 S.W.2d 361, 368 (Tex.1987).

Here, appellant was receiving legal services provided gratuitously by the TDCJ–SOC. A gratuitous act is not a purchased good or service under the DTPA. *Longview Sav. & Loan Assoc. v. Nabours,* 673 S.W.2d 357, 362 (Tex.App.—Texarkana 1984), *aff'd on other grounds,* 700 S.W.2d 901 (Tex.1985). Appellant has proffered no evidence to demonstrate that he sought or acquired services by purchase or lease from Gimbert. Therefore, we conclude as a matter of law that appellant was not a consumer within the meaning of the DTPA. Because we conclude that appellant cannot qualify as a consumer, it is clear that appellant's claim had no arguable basis in law or fact. Thus, the trial court did not abuse its discretion in finding that his appeal was frivolous.

We overrule appellant's first and second points of error.

## Conclusion

We affirm the judgment of the trial court.