Affirmed and Memorandum Opinion filed August 5, 2003















Affirmed and Memorandum
Opinion filed August 5, 2003.                                                  

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00697-CV  

____________

 

GERALD ANTHONY
WRIGHT, Appellant

 

V.

 

ANDY COLLINS and
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellees

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 12th District Court

                                                          Walker
 County, Texas                      

Trial Court Cause No.
17,286




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            On November 21, 1990,
appellant Gerald Anthony Wright filed a tort claim suit pro se against appellees for injuries he allegedly sustained in a
slip-and-fall while working in the kitchen of the Ellis Two Unit.  Over the next four years, Wright amended his
complaint to add other defendants.  About
eight years later, the trial court granted an oral motion to dismiss Wright’s
lawsuit because his cause of action was barred by limitations.  See Tex. Civ. Prac. & Rem.
Code. § 16.003.  Wright
appealed, and we reversed the trial court’s judgment based on limitations.  See
Wright v. Tex. Dep’t of Criminal Justice–Institutional Div.,
68 S.W.3d 788 (Tex. App.—Houston
[14th Dist.] 2001, no pet.)  On remand,
the trial court again granted appellees’ motion for
summary judgment, dismissing Wright’s claims with prejudice.  

The facts of this appeal are known to the parties, so we
do not recite them here.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  Tex. R. App. P. 47.1.  We affirm.

In their motion for summary judgment, appellees relied on deemed requests for admissions
establishing (among other matters) that Wright had notice of the premises defect
on which his suit is based.  See Tex.
R. Civ. P. 
198.2(c); see also Tex. Gov’t Code
§ 101.022(a) (providing government owes duty as to licensee in premises defect
claims); Wal-Mart Stores, Inc. v. Miller,
102 S.W.3d 706, 709 (Tex.
2003) (finding no liability if licensee has knowledge of dangerous condition).  Wright contends the trial court erred in
granting appellees’ summary judgment without first
holding a hearing on his motion objecting to those requests for admission.  

First, no such motion appears in our record.  Moreover, according to his brief, Wright’s
objection was that the admissions would have caused “undue burdens, unnecessary
expense, or annoyance.”  But a brief
review of the admissions shows that could not possibly be the case.  Appellees sent 23
requests for admissions, all less than two lines in length, and all directed to
what Wright knew about the condition of the premises and his alleged
injuries.  There was nothing burdensome
about them. 

A party seeking to avoid discovery due to burdensomeness
must present evidence to support that claim. 
Tex. R. Civ. P. 193.4(a).  Wright apparently never did so here.  Nor is there any indication he moved to undeem the admissions. 
Thus, Wright admitted knowledge of the condition that allegedly caused
his injury, effectively negating an essential element of his claim.  

            Wright additionally argues
the trial judge was biased, but nothing in the record supports this claim.  The trial judge’s reference to appellees’ counsel during the summary judgment hearing as
“the loyal opposition” was nothing more than a pleasantry.  And while the trial court took up appellees’ motion without addressing Wright’s own motion
for summary judgment, Wright has not complained of that ruling other than as an
indication of bias.  As appellees’ summary judgment motion was dispositive,
and as the record reflects a flood of letters and motions from Wright, the trial
court showed no bias by taking up the dispositive
matter first.

            The judgment is
affirmed.

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

 

Judgment
Rendered and Memorandum Opinion filed August
 5, 2003.

Panel consists
of Chief Justice Brister and Justices Fowler and Edelman.