In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00367-CV


____________________



 PHILIP J. POHL, Appellant



V.



POLUNSKY UNIT, ET AL., Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 24362






MEMORANDUM OPINION


 Philip J. Pohl appeals the dismissal of his lawsuit pursuant to Chapter 14 of the Texas
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014
(Vernon 2002). Pohl contends (1) he exhausted his administrative remedies; (2) the claims
raised in his petition are not similar to other claims brought in previous lawsuits; (3) the trial
court abused its discretion by failing to grant leave to file the suit; (4) his claims are not
frivolous; and (5) his claims have an adequate basis in law. We affirm the trial court's
judgment.

 Pohl's petition acknowledged that his claims are subject to the inmate grievance
system. In his first appellate issue, Pohl contends the trial court was not justified in
dismissing his case for failing to establish exhaustion of remedies because his administrative
remedies are deemed exhausted. He relies on cases that concern the exhaustion of state
administrative remedies for purposes of challenging prison conditions under federal law. See
McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); Powe v.
Ennis, 177 F.3d 393 (5th Cir. 1999); Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998); see also
42 U.S.C.A. § 1997e (a) (West 2002). In 2006, the United States Supreme Court held that
exhaustion of state remedies under the Prison Litigation Reform Act ("PLRA") requires
"proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368
(2006). PLRA exhaustion is an affirmative defense that a plaintiff is not required to plead
or demonstrate. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). 

 Our state court has its own procedure for establishing exhaustion of administrative
remedies. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). Section 14.005 of the Civil
Practice and Remedies Code requires an inmate who files a claim subject to the grievance
system to file with the trial court an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision was received by the inmate; and a copy
of the written decision from the grievance system. Id. § 14.005(a) (1)-(2). The inmate must
file the claim before the 31st day after the date the inmate receives the written decision from
the grievance system or the claim must be dismissed. Id. § 14.005(b). If an inmate files the
suit before the grievance process is complete, the trial court must stay the proceeding with
respect to the claim for a period not to exceed 180 days to permit completion of the grievance
process. Id. § 14.005(c). 

 Pohl argues he is excused from exhausting his remedies because the people who
handle the grievances deliver the Step 1 responses after the time for filing a Step 2 grievance
has expired. In his petition, however, Pohl alleged that he attached the required two-step
documents. Pohl also alleged the attached documents were timely "as the violations are
ongoing, persistent, and statutes does not apply, because acts in past that put GANGLAND
CULTURE AND CODE OF SILENCE IN PLACE ARE STILL OPERATIVE IN AS
EFFECT AND AFFECT." Pohl alleged he filed suit within 31 days of the final date of
disposition. 

 Pohl also submitted a motion for a ruling on exhaustion of remedies. The motion
alleged: (1) the "gangland culture" at the prison leaves the supervisors and grievance officials
unable to provide relief; (2) his claims are for a violation of constitutional and federal
statutory rights; (3) the case involves pure questions of law and the facts are not disputed;
and (4) the claims involve smuggling contraband, which is an action outside the scope of
employment. "A party does not exhaust administrative procedures by ignoring the applicable
rules." In re Liberty Mut. Fire Ins. Co., No. 08-0742, 2009 WL 2666900, *2 (Tex. Aug. 28,
2009) (requiring patient to obtain preauthorization for medical treatment in a workers'
compensation case). "[P]arties cannot avoid exhaustion of administrative remedies because
they fear they might not prevail." Id. 

 Pohl did not file the affidavit required by section 14.005(a), but he did attach eight
grievances to his original petition. Seven of the grievances complain of actions by persons
other than the defendants. Grievance No. 2006080514 concerned an employee named
Primrose. Grievance No. 2008003159 concerned employees named Fleetwood and Davis.
Grievance No. 2007205903 complained of employees Kettle, Lawsen, Hansen, Overbeck,
and Porras. The Step 1 Grievance No. 2007171147 complains of actions by employees
Daniels and Roan and the apparent Step 2 Grievance complained about an employee named
Walton. Grievance No. 2008027239 concerns employees Valentine and Stackhouse. 
Grievance No. 2007053009 mentioned employees Hall and Drobina. 

 One grievance presented a complaint against one of the defendants, Loyd Massey. 
Grievance No. 2007002256 concerned an event that occurred in July 2006, but Pohl did not
sign the form until August 21, 2006, and filed the Step 1 form on September 5, 2006. The
grievance was filed late regardless of the time it took the grievance officials to process the
complaint. (1) See Leachman v. Dretke, 261 S.W.3d 297, 310 (Tex. App.--Fort Worth 2008,
no pet.). Pohl's failure to comply with section 14.005 of the Civil Practice and Remedies
Code was evident from his pleading, which contained neither a declaration of the dates he
filed his grievances and received his responses nor timely-initiated grievances for his
complaints against the defendants. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). 
Because Pohl did not comply with section 14.005, the trial court did not abuse its discretion
in dismissing the suit. See Draughon v. Cockrell, 112 S.W.3d 775, 776 (Tex. App.--Beaumont 2003, no pet.). We overrule issue one.

 In his second issue, Pohl contends that the claims stated in his petition are similar to
only one other suit; that suit was dismissed without prejudice. Pohl argues the trial court
could not dismiss these claims as frivolous on the ground that the claims were similar to
previously filed suits. The appellees contend the claims asserted in this suit are substantially
similar to another suit that was dismissed as frivolous in May 2007. Without citation to
authority, they argue that Pohl's claim is barred by res judicata. Both parties refer to a suit
in which Pohl alleged he received improper medical care from four Department employees
who are not defendants in this suit. See Pohl v. Chavers, No. 09-07-285 CV, 2007 WL
3393430, *1 (Tex. App.--Beaumont Nov. 15, 2007, no pet.) (mem. op.). The trial court
dismissed the case without prejudice. Id. A case that is dismissed without prejudice may be
re-filed. See Transamerica Ins. Co. v. Frost Nat'l Bank of San Antonio, 501 S.W.2d 418,
422 (Tex. Civ. App.--Beaumont 1973, writ ref'd n.r.e.) ("The dismissal of [a] prior suit
without prejudice did not amount to res judicata upon the claim therein asserted."). The trial
court here could not base its dismissal upon the ground that Pohl v. Chavers had been
dismissed for failure to file an affidavit of previous filings. See Chavers, 2007 WL 3393430,
at * 2. Nonetheless, Pohl is not entitled to a reversal in this case unless he can demonstrate
that there is no valid basis for the dismissal. See Wright v. Tex. Dep't of Crim.
Justice-Institutional Div., 68 S.W.3d 788, 792 (Tex. App.--Houston [14th Dist.] 2001, no
pet.) (reversing dismissal of inmate litigation if there is no basis on which to affirm the trial
court's order). Because we find other lawful bases for the trial court's action in this case,
Pohl has not shown reversible error. We overrule issue two. 

 Pohl's third issue contends the trial court abused its discretion in failing to grant
Pohl's motion to waive the requirement that he pay the court costs for his previous suit prior
to commencing this suit. See Tex. Civ. Prac. & Rem. Code Ann. § 14.011. In his petition,
Pohl acknowledged that section 14.011 applies to him. Id. A motion filed with Pohl's
petition asks that he be permitted to proceed under section 14.011(b) because the new suit
seeks injunctive relief and he and others would be 


 subjected to further and ENHANCED assaults, batteries, threats, and probable
more death, for in prison there are no secrets from the 'controlling group' who
are the subject of this cause of action and will deem another dismissal as with
more confidence they can stay hidden from the public the perverted duty issues
of this cause of action. 


Pohl's petition describes the requested injunctive relief as follows: 

 [1] Issue Declaratory Relief Judgement with an ORDER of Injunctive Relief
REQUIRING POLUNSKY UNIT SUPERVISORS RETURN TO [USING]
THE REASONABLE MANDATES AND POLICIES ISSUED BEFORE IN
THE FEDERAL MANDATE OF JUDGE WILLIAM WAYNE JUSTICE IN
AND FROM THE LANDMARK CASE OF RUIZ V [ESTELLE] HANDED
DOWN IN THE EARLY 1980's. 


 [2] Issue a Declaratory [Judgement] and order injunctive relief requiring the
Sunset Commission or other Legislative agent to independently oversee and
correct the specific violations found in the exposing evidence of this cause of
action that will insure specific policing of the GROSS FAILED DUTY TO
LAW INDICATED STRONGLY BY THE DOCUMENTS AND
STATEMENTS OF THIS COURTS FINDINGS IN THIS CAUSE OF
ACTION. (2) 


On appeal, Pohl argues that his "life is in serious jeopardy because Polunsky Unit has
numerous psychopaths in general population that should be confined [elsewhere]." 

 Neither Pohl nor the appellees discuss any case that applies section 14.011(b). See
Tex. Civ. Prac. & Rem. Code Ann. § 14.011(b) ("A court may allow an inmate who has not
paid the fees and costs assessed against the inmate to file a claim for injunctive relief seeking
to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious
physical harm to the inmate."). Similar language appears in the vexatious litigant provisions
of the PLRA. See 28 U.S.C.A. § 1915(g) (West 2006). The Act provides in pertinent part: 

 (g) In no event shall a prisoner bring a civil action or appeal a judgment in a
civil action or proceeding under this section if the prisoner has, on 3 or more
prior occasions, while incarcerated or detained in any facility, brought an
action or appeal in a court of the United States that was dismissed on the
grounds that it is frivolous, malicious, or fails to state a claim upon which
relief may be granted, unless the prisoner is under imminent danger of serious
physical injury. 


Id. Under the PLRA, a three-strikes litigant may proceed in forma pauperis when an
adequate nexus exists between the claims he seeks to pursue and the imminent danger he
alleges. Pettus v. Morgenthau, 554 F.3d 293, 296 (2nd Cir. 2009). Such a nexus exists when
the plaintiff seeks to redress an imminent danger of serious physical injury that is fairly
traceable to the unlawful conduct asserted in the complaint and a favorable judicial outcome
would redress that injury. Id. at 298-99. 

 Pohl alleges that he is exposed to carcinogenic smoke from smuggled contraband. He
alleges that the defendants' actions have "caused MAYHEM on the cellular level." Pohl
alleges that when malfeasance by a Department employee is documented, the Department
moves the perpetrator to another unit in order to dispose of its responsibility. Pohl alleges
he endured "four lengthy bouts of suffering excruciating pain" beginning in 2003. He
describes symptoms he personally suffered as "swollen sinuses" and "headaches." Pohl
claims several Department employees improperly treated his skin cancer, but those
employees are not defendants in this suit. Thus, Pohl identifies an injury but he fails to
explain how the relief he is seeking will prevent a substantial threat of irreparable injury or
serious physical harm to him. On these pleadings, we cannot say that the trial court's failure
to grant Pohl's section 14.011 motion for leave to file the petition in forma pauperis would
be an abuse of discretion. We overrule issue three.

 Issue four contends the trial court abused its discretion by ruling that Pohl's claims
are frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). Issue five contends
the trial court erred in dismissing Pohl's suit because Pohl's claims have an arguable basis
in law. See id. § 14.003(b)(2). Pohl cites only Chapter 41 of the Texas Civil Practice and
Remedies Code. See id. §§ 41.001-.013 (Vernon 2008) (Damages). Pohl mentions "[t]he
state's blocking of grievance documentation" and argues the action is "enough BAD FAITH
to cause Chapter 41 of C.P.& Remedies to create punitive damages." Referring to his
"original complaint where Loyd Massey repeatedly let officer Burks come back into the
compound after [caught] with [contraband]," Pohl argues that the "documented criminal acts
remove immunities." He contends his claim "clearly qualifies for class action certification"
and asks this Court to "view the entire record." He cites no precedent and provides no
substantive analysis of the legal basis for each claim against each defendant within the
context of cited authority. Other than the perfunctory statement that he is entitled to punitive
damages, Pohl provides no legal authority to support an issue that his case is not frivolous
or that he stated an arguable basis for his claims against any of the defendants. Pohl provides
no record cites to support the facts mentioned in his argument. Pohl neither identifies the
constitutional or statutory basis for his claims, nor explains how the alleged acts of the
various defendants rise to the level of a constitutional or statutory deprivation of his personal
rights. 

 To present error for appellate review, an appellant's brief "must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to
the record." Tex. R. App. P. 38.1(i). "A pro se litigant is held to the same standards as
licensed attorneys and must comply with applicable laws and rules of procedure." Green v.
Kaposta, 152 S.W.3d 839, 841 (Tex. App.--Dallas 2005, no pet.). In this case, the appellant
is not a lawyer and we appreciate that his confinement may make it difficult for him to
conduct legal research. Nonetheless, from his references to key numbers and federal cases
elsewhere in his brief, it is evident that Pohl does have access to the law library. We cannot
conclude, based upon Pohl's argument in his brief, that the trial court erred in dismissing
Pohl's suit. We overrule issues four and five. 

 After filing his brief, Pohl filed a motion to add newly discovered information. Pohl
attaches additional grievance forms that do not appear in the appellate record. Three concern
prisoners other than Pohl. The grievance that concerns Pohl was filed after the trial court
dismissed his case. None of the documents show that the trial court erred in dismissing the
suit. We deny all pending motions, and we affirm the judgment of the trial court. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 7, 2009

Opinion Delivered October 8, 2009



Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Tex. Dep't of Crim. Justice, Offender Orientation Handbook 52 (Nov.
2004), available at http://www. tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf
("You have 15 days from the date of the alleged incident or occurrence of the issue presented
in which to complete the Step 1 grievance form and forward it to the Unit Grievance
Investigator (UGI).")
2. See Ruiz v. Estelle, 503 F.Supp. 1265 (S.D. Tex. 1980), aff'd in part and rev'd in
part, 679 F.2d 1115 (5th Cir. 1982), amended in part and vacated in part, 688 F.2d 266 (5th
Cir. 1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).