**Lucie Allen PEEK, et al., Appellants,**

v.

**Marvin Wiley DeBERRY, Jr., Appellee.**

No. 04–93–00030–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 19, 1994.

Rehearing Denied March 8, 1994.

Michael R. Wadler, Joe B. Stephens, Stephens & Stephens, L.L.P., B. Lee Ware, Nancy L. Hahn, Ware, Snow & Fogel, P.C., Houston, for appellants.

G. Thomas Coghlan, Les Katona, Jr., Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellee.

Before BUTTS, GARCIA and PRESTON H. DIAL, Jr., JJ.

## OPINION

PRESTON H. DIAL, Jr., Justice [1] (Assigned).

This is an appeal from the granting of a motion to dismiss the appellants' wrongful death cause of action against the appellee. We will reverse and remand.

Appellee Marvin DeBerry shot and killed Clyde Peek on December 18, 1984. DeBerry was acquitted of the crime by reason of insanity. Peek's widow and children (the Peeks) filed suit against DeBerry and others in November of 1986. The Peeks sought to accomplish service on DeBerry by serving his guardian's attorney. DeBerry answered with a general denial filed by his own attorney.

There followed some four years of discovery, amended pleadings, and responses during which DeBerry was actively represented by counsel. In January of 1991, DeBerry's attorney filed a motion to dismiss based on the Peeks' failure to serve him personally

within the limitations period. The motion was granted, and the Peeks' cause of action was dismissed.

The order of dismissal was appealed. This court affirmed the order, holding that service on the guardian's attorney was not service on DeBerry. The court further held that answering this suit could not constitute a waiver of service because DeBerry was mentally incompetent at the time. *Peek v. DeBerry*, 819 S.W.2d 217 (Tex.App.—San Antonio 1991, writ denied).

After application for writ of error was denied by the Texas Supreme Court, the Peeks filed their Sixth Amended Petition, which averred that DeBerry could be served personally, and this was done. DeBerry's mental competence had by now been restored. DeBerry then filed a motion to dismiss and plea in bar. The motion and plea were based on law of the case, res judicata, judicial estoppel, and collateral estoppel. The motion was in all things granted. The order of dismissal is now before us.

The Peeks bring five points of error, only one of which is necessary to the disposition of the appeal. Tex.R.App.P. 90(a).

The Peeks concede that DeBerry was personally served after limitations had expired. But they contend that the service on DeBerry "relates back" to the dates of the filing of the suit and prior ineffectual service, thereby avoiding the statute of limitations. The issue of whether this subsequent service relates back, was not before this court on the prior appeal, so the arguments of law of the case, res judicata, and collateral estoppel are inapplicable.

▇ The relation back doctrine derives its applicability from the way the defendant was named in the original petition. If the plaintiff merely misnames the correct defendant, limitations is tolled, and a subsequent amendment of the petition relates back to the date of the original petition. If however, the plaintiff is mistaken as to which of two defendants is the correct one, and because of misidentification, sues the wrong party, then

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

limitations is not tolled. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 5 (Tex.1990). Our case is neither misnomer nor misidentification because the correct defendant was named from the start. But the petition was not amended to give correct directions for serving the defendant until after limitations had run.

The cases applying the relation back doctrine set out an exception. This exception is grounded in the primary purpose of the statute of limitations. This purpose is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.

■ Where the correct defendant is not misled but has an opportunity to defend the suit before the statute of limitations has run, the amended petition relates back. *See Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975) (where wrong party was sued but correct party was served, filed answer and participated in all proceedings effecting the case) and cases gathered there.

■ We extend the relation back doctrine to this case where the proper party was sued within the limitations period but not served correctly until after limitations ran. There is no suggestion that the correct defendant was misled since he answered the suit within the limitation period and was represented in all proceedings effecting the case.

We conclude that the legitimate purpose of the limitations statute would not be served by its application where no party was misled or placed at a disadvantage by the error in service.

We reverse the judgment of the trial court and remand the case for further proceedings.