In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

—————————

## NO. 09-21-00153-CV

—————————

**BRADLEY L. SMITH, CECELIA SMITH, MATTHEW PISKORZ, AND KRISTINA PISKORZ, INDIVIDUALLY AND AS NEXT FRIENDS OF MINORS, K.J.P. AND E.M.P.[1], Appellants**

**V.**

**LESLIE M. ALPIZER RAMOS AND DENNIS RAY HOWARD, Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-05-07484-CV

## MEMORANDUM OPINION

In a personal injury suit, Bradley L. Smith, Cecelia Smith, Matthew Piskorz,

and Kristina Piskorz, individually and as next friends of minors, K.J.P. and E.M.P.

---

[1] The claims by the next friends on behalf of the minors, K.J.P. and E.M.P., are part of this appeal only with respect to the summary judgment granted in favor of Dennis Ray Howard. The claims of the minors against Leslie M. Alpizer Ramos were severed into a separate cause number in the trial court.

1

(collectively "Appellants") appeal the trial court's judgment granting Appellee Leslie M. Alpizer Ramos's ("Ramos") traditional motion for summary judgment against Appellants (except as to claims asserted by the next of friend on behalf of the minors) and appeal the trial court's judgment granting Appellee Dennis Ray Howard's ("Howard") no-evidence motion for summary judgment as to all claims asserted by Appellants against Howard. We affirm.

## Background

On October 30, 2017, Ramos and Appellants were involved in a motor vehicle accident. Appellants allege that they were injured in the accident. On October 29, 2019, Appellants filed suit against Ramos and Howard, the owner of the vehicle driven by Ramos at the time of the accident. Appellants alleged that the negligence of Ramos and the negligent entrustment of Howard caused the collision and injuries. Appellants served Howard with the petition and service of process on November 22, 2019. Howard filed an answer to the suit on December 11, 2019.[2]

On October 5, 2020, Appellants filed a motion for substituted service of process on Ramos and Appellants attached the accident report listing the address provided by Ramos, declarations of two process servers documenting their unsuccessful attempts to serve Ramos, and the return of service for service of the

---

[2] At the time of the accident, Howard and Ramos were in a relationship. According to the appellate record, Howard and Ramos were married in March of 2018.

2

petition on Howard. Appellants did not serve Ramos with the petition and service of process until October 7, 2020. Ramos answered the lawsuit on October 19, 2020, asserting the affirmative defense of the statute of limitations along with other defenses.

After a sufficient time passed for discovery, Howard filed a no-evidence motion for summary judgment against Appellants alleging that he was entitled to a judgment as a matter of law on the negligent entrustment claim, the only claim asserted against him. Ramos filed a motion for partial summary judgment against Appellants (seeking a summary judgment on all claims filed by the adults, and expressly leaving the claims asserted by the next of friend on behalf of the minors), asserting a limitations defense. According to Ramos's motion, Appellants filed suit prior to the expiration of the statute of limitations but served Ramos more than eleven months after the limitations period expired, and therefore, they failed to exercise due diligence in serving her with the lawsuit. As summary judgment evidence, Ramos attached to her motion the petition filed in the suit, Appellants' motion for substituted service, the return of service indicating she was served on October 7, 2020, her answer to the suit filed October 19, 2020, and the declarations of the two process servers.

Appellants filed a response, arguing that they used reasonable diligence in attempting to effect service upon Ramos and that "but for Ramos'[s] attempts to

3

evade service of process by providing an incorrect address to the responding police officer, avoiding service at the Dogwood address, and the impact of the COVID-19 pandemic, there would be no question as to the manner of [Appellants'] diligence." According to Appellants' response and exhibits, between November 6, 2019, and December 12, 2019, they made eight attempts to serve Ramos, but they made no additional efforts between December 12, 2019 and October 5, 2020, when they filed a motion for substituted service. *See* Tex. R. Civ. P. 106(b). Appellants asserted their delay was excused by the Supreme Court's Emergency Order of March 13, 2020,[3] and because Ramos avoided service. The trial court granted Ramos's motion for partial summary judgment against Appellants and granted Howard's no-evidence motion for summary judgment against Appellants. Appellants filed a motion to sever their individual claims from Appellants' claims as next friend and on behalf of the minors against Ramos. Appellees filed a motion to sever, and Howard requested that the court sever all of Appellants' claims against him, and Ramos requested that the court sever all of the individuals' claims by the Appellants against Ramos. The trial court signed an order severing all of the individuals' claims of the Appellants against Ramos, and severing all of Appellants' claims against Howard, and the severed

---

[3] Appellants reference the overall effect of multiple orders that the Supreme Court entered in response to the COVID-19 pandemic. *See First Emergency Order Regarding the Covid-19 State of Disaster,* 596 S.W.3d 265 (Tex. 2020), and subsequent related orders.

4

claims were assigned the trial cause number 21-05-07484-CV. The claims by the next friends on behalf of the two minors filed against Ramos were retained in trial cause number 19-10-14700-CV. This appeal followed.

Issues on Appeal

In issue one, Appellants argue that the trial court erred in granting a summary judgment against them on behalf of Ramos which was based on the two year statute of limitations because they exercised due diligence to perfect service of process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (two-year limitations period for personal injury suit). In issue two, Appellants argue that "equity preclude[s] application of the statute of limitations given that Ramos's husband was served and that [Ramos] was represented by the same attorney, who was engaging in settlement discussions on her behalf[.]"

Standard of Review and Applicable Law

We review a trial court's grant of a motion for summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). The movant for traditional summary judgment must establish that (1) there is no genuine issue of material fact and (2) that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment. *Boerjan v. Rodriguez*, 436 S.W.3d

5

307, 310 (Tex. 2014) (per curiam). If the moving party produces evidence that it is entitled to summary judgment, the burden shifts to the non-movant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

In determining whether a party seeking summary judgment has met its burden, we view the evidence in the light most favorable to the non-moving party, disregarding all conflicts in the evidence and taking as true all evidence favorable to the non-moving party. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). "Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in [his] favor." *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We consider evidence that supports the position of the moving party only if such evidence is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965); *Procter v. RMC Capital Corp.*, 47 S.W.3d 828, 830 (Tex. App.—Beaumont 2001, no pet.).

For a plaintiff to file a suit within a limitations period prescribed by statute, the plaintiff must not only file suit within the limitations period but must also use diligence in having the defendant served. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). Thus, even when the plaintiff files suit before the statute of limitations runs out, the filing of the suit does not keep the limitations from running unless the

plaintiff exercises due diligence in causing the citation in the suit to be issued and served. *Id.* That said, if the plaintiff exercises reasonable diligence in having citations issued and the defendants served, and the suit is filed within the limitation period but served after the statute of limitations has expired, the date a defendant is served relates back to the date of filing. *Id.*

When the defendant affirmatively pleads a limitations defense and shows that the plaintiff obtained service of the suit after limitations expired, the burden shifts to the plaintiff to reasonably explain the delay. *Id.* at 216. In discharging this burden, the plaintiff must present evidence showing what was done to serve the defendant that is sufficient to explain every lapse in effort and period of delay. *Id.* Even when the plaintiff offers an explanation, however, the explanation "may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* On the other hand, if the plaintiff's explanation raises a genuine issue of material fact about whether the plaintiff exercised reasonable diligence in having the defendant served, "the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is sufficient." *Id.*

In determining diligence, the question is whether the plaintiff acted as an ordinarily prudent person under the same or similar circumstances and was diligent until the defendant was served. *Id.* Generally, whether the plaintiff diligently served

the defendant is an issue of fact that must be resolved by a factfinder in the trial, which the factfinder determines by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id.*

When the record reveals a period of time when the plaintiffs made no efforts to serve the defendant, and that lack of effort is unexplained, there is a lack of due diligence as a matter of law. *See Cumpian v. Ventura*, No. 09-16-00277-CV, 2018 Tex. App. LEXIS 922, at \*\*6-7 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) (affirming summary judgment after an unexplained delay of seventy-one days in procuring service); *see also Budget Rent A Car Sys., LLC v. Valadez*, 558 S.W.3d 304, 308 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Analysis

In issue one, Appellants argue that courts generally conclude that six months or more of inactivity in serving process constitutes a lack of due diligence as a matter of law, but that the period of inactivity (aside from the tolling period outlined in the March 13, 2020 COVID order) in this case was only approximately four months (December 12, 2019 until March 13, 2020, and then September 15, 2021 until October 7, 2021). Even if we accept the Appellants' position that they should not be

charged with the service delay occurring on or after March 13, 2020,[4] the Appellants argument does not explain the three month delay that fell between the December 12, 2019 attempted service and the issuance of the March 13, 2020 COVID order. Appellants contend that delay was caused by Ramos because she "intentionally provided" an incorrect home address on the accident report, and she was avoiding service. Appellants claim that because they provided a valid explanation for the period of inactivity, the burden then shifted to Ramos to conclusively negate diligence, and Appellants contend Ramos failed to negate diligence.

Appellants took both Howard's and Ramos's depositions on December 8, 2020. The deposition transcripts were attached to Appellants' summary judgment response, along with a copy of the accident report. In her deposition, Ramos testified that on the date of the accident, she was living with her parents on Box Elder Road, in Plantersville, Texas. The accident report reflects that she provided that address to the officers who responded to the collision. On March 30, 2018, Ramos married Howard, and approximately two years before giving her deposition, Ramos moved to an address on Dogwood Branch, also in Plantersville, Texas. Howard's deposition testimony indicates that he and Ramos lived at another address for "a year or so" before moving to the Dogwood Branch address. Taking the evidence in the record

---

[4] *See First Emergency Order*, 596 S.W.3d at 265.

in the light most favorable to the non-movant, the record does not support Appellants' contention that Ramos provided an "incorrect" address on October 30, 2017. At most, the evidence shows that Ramos moved to a different address during the two-year interval between the date of the accident and the date that Appellants eventually sued Ramos.

Appellants also argue that Ramos was "dodging service." But, there is no evidence in the record to support this contention. Further, Appellants have cited no case authority, and we have found none, to indicate that Ramos was obligated to make herself available for service of process at Appellants' convenience. Even if, as Appellants contend, Ramos was avoiding service, substituted service is the proper remedy for the inability to obtain personal service. *See* Tex. R. Civ. P. 106(b); *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012); *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 146 (Tex. 1951) (substituted service is appropriate when personal service is impracticable or impossible).

After personal service on Ramos proved unsuccessful, Appellants could have filed a motion for substituted service at any time, yet they delayed making any request for substituted service until October 5, 2020. *See* Tex. R. Civ. P. 106(b). Appellants' failure to act over the three-month interval between their last unsuccessful service attempt and the issuance of the Emergency Orders precludes the relief they currently seek. *See Devault v. Giannakis*, No. 09-21-00040-CV, 2022

Tex. App. LEXIS 9371, **14-15 (Tex. App.—Beaumont Dec. 22, 2022, no pet.) (mem. op.) (four-month lapse in time from date plaintiff asked district clerk to issue citations until defendants formally served and plaintiff could not use pandemic as an excuse for failing to exercise reasonable diligence in pursuing service of defendants under the extended statutory deadline allowed under Texas Supreme Court's Eighteenth Emergency COVID-19 order); *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 Tex. App. LEXIS 655, at **10-11 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) (four unexplained periods of delay in service—one of six weeks, another of over six weeks, another of six months, and the last of three months—together showed appellants' lack of due diligence as a matter of law in serving defendant). Issue one is overruled.

We also reject Appellants' argument that equity precludes the application of the statute of limitations in this case. Howard, Ramos's husband, was served with process on November 22, 2019, and eventually both Ramos and Howard were represented by the same counsel. Appellants contend that because Howard had been served and he had knowledge of the suit, and because Ramos's counsel had already been representing Howard, it "weighs against summary judgment." In support of their argument, Appellants cite to *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975) and *Michel v. Foodmaker, Inc.*, No. 09-97-010-CV, 1997 Tex. App. LEXIS 5800, at *6 (Tex. App.—Beaumont Nov. 6, 1997, no pet.).

11

In *Continental Southern Lines*, the suit was timely filed and timely served on a business entity that was doing business under an assumed name, so it involved misidentification. 528 S.W.2d at 830-31. In misidentification cases, limitations may be tolled when a plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *Id*. at 829; *see also Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990). In *Michel*, the plaintiff sought to avoid application of the statute of limitations and due diligence principles by arguing that the defendant was not disadvantaged by Michel's failure to serve process because the defendant had knowledge of the existence of the claim. 1997 Tex. App. LEXIS 5800, at *6. This Court concluded that the fact that the defendant knew of Michel's claim and communicated with Michel regarding that claim some eighteen months prior to any suit being filed did not constitute an excuse for Michel's failing to obtain service once suit had been filed because Michel offered no explanation of why he did not seek service of process over a year and a half after suit had been filed. *Id.* at *8.

In *Matthews Trucking Co. v. Smith*, our Supreme Court explained that the rationale of *Continental Southern Lines* will not toll limitations absent a business relationship between the companies involved. 682 S.W.2d 237, 239 (Tex. 1984); *see also Palmer v. Enserch Corp.*, 728 S.W.2d 431, 433-34 (Tex. App.—Austin 1987,

12

writ ref'd n.r.e.). The Appellants acknowledge in their brief that the equitable exception outlined in *Continental Southern Lines* is distinguishable from our facts, but Appellants ask this Court to extend the logic of *Continental Southern Lines* to this case. We decline to do so. There is no indication in the record before us that there was any possible confusion between Ramos and a similarly named person or another defendant. We decline to extend the equitable exception outlined in *Continental Southern Lines* to this case. We also reject Appellants' argument that ongoing settlement negotiations excused their failure to serve Ramos, because the record contains no evidence of an agreement to delay service. *See Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 121 (Tex. App.—Houston [14th Dist.] 2016, no pet) (rejecting a similar argument and stating that "[u]nilaterally waiting to serve a defendant during settlement negotiations is not due diligence[]").

Appellants also argue that *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975) and *Peek v. DeBerry*, 871 S.W.2d 520, 521 (Tex. App.—San Antonio 1994, writ denied) support their position. We disagree.

In *Price*, the wrong party was sued but the correct party was served, filed an answer, and then participated in all proceedings in the case. 522 S.W.2d at 691. The Supreme Court noted that although the plaintiff made a mistake in her original petition as to the correct defendant that should have been sued, the Administrator of the Estate was at all times fully cognizant of the facts and could not have been misled

13

as to the basis of the suit, nor placed at any disadvantage in obtaining relevant evidence to defend the case. *Id.* at 692. The Court concluded, "[u]nder these conditions, we think it would be a misapplication of the statutes of limitation to hold that petitioner's action was barred." *Id.*

In *Peek*, the defendant DeBerry shot and killed Clyde Peek, and DeBerry was acquitted of the crime by reason of insanity. 871 S.W.2d at 521. Peek's family then sued DeBerry in a civil suit and served the attorney for DeBerry's guardian with the suit. *Id.* DeBerry then answered the suit with his own attorney and participated in discovery and actively participated in the suit for four years. *Id.* Thereafter, limitations ran and DeBerry's attorney filed a motion to dismiss because Peek had failed to serve DeBerry personally before the statute of limitations ran. *Id.* The motion was granted. *Id.* On appeal the court of appeals affirmed the order, holding that service on the guardian's attorney was not service on DeBerry, and the court held that answering the suit could not constitute a waiver of service because DeBerry was mentally incompetent at the time. *Id.* After application for writ of error was denied by the Texas Supreme Court, the Peeks filed their Sixth Amended Petition, which averred that DeBerry could be served personally, and the service was completed. *Id.* DeBerry's mental competence had been restored. *Id.* DeBerry then filed a motion to dismiss and plea in bar. *Id.* The motion and plea were based on law of the case, res judicata, judicial estoppel, and collateral estoppel. *Id.* The motion

14

was in all things granted. *Id.* The order of dismissal was then appealed and on appeal the court of appeals reversed because the correct defendant was not misled, had an opportunity to defend the suit before the statute of limitations had run, and the amended petition related back. *Id.* at 522.

Here, Ramos did not answer the case, nor did she participate in the case before she was served. And this is not a situation involving the relation back doctrine or a case where a guardian of the defendant was served with the suit. *Price* and *Peek*, like *Matthews*, are factually distinguishable from this case.

Appellants sued Ramos within the applicable statute of limitations, but Appellants failed to exercise due diligence in serving Ramos with process. The trial court correctly granted the summary judgment because the lawsuit against Ramos was barred by the two-year statute of limitations. We overrule Appellants' second issue.

Although Appellants also appealed from the trial court's order granting Howard's no-evidence summary judgment as to all of Appellants' claims against Howard, Appellants do not raise any issues or present any arguments as to that order on appeal. Having failed to assign any error and having failed to brief any issue as

to the summary judgment granted to Howard, we affirm the trial court's order granting summary judgment to Howard. *See* Tex. R. App. P. 38.1(i).[5]

We affirm the trial court's judgments.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 12, 2022
Opinion Delivered March 9, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

---

[5] According to their notice of appeal, Appellants also appealed from the trial court's orders denying Appellants' motions for reconsideration of the summary judgments granted in favor of Ramos and Howard. However, Appellants also present no arguments in their appellate brief as to those orders. *See* Tex. R. App. P. 38.1(i).